ROME SAVINGS BANK. Respondent, *v.* JOHN KRUG, Impleaded, etc., Appellant.

Plaintiff, a savings bank, in 1871 loaned upon a note signed by twenty-one persons $3,000, and upon another signed by thirteen $2,000. The loans were for the benefit of a church, but to and on the credit of the makers. In 1874, to pay the balance due on the notes and to take up the same, defendants, forty in number, gave their note payable on demand. In an action upon the note, *held*, that conceding the bank had no authority, under its charter (Chap. 324, Laws of 1851), to loan its moneys upon the original notes, and that they " were void as securities " (as to which *quære*), yet it could recover against the makers the moneys loaned, and having taken the note in suit in satisfaction of that cause of action, and having surrendered the notes which were the evidence thereof, it was founded on a good consideration, was in no sense unlawful, and was enforceable against the makers; also that as the note in suit was made, at least in part, by strangers to the former notes, it could not be said that it was taken simply in exchange for them.

(Argued April 15, 1886; decided April 30, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 5, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 32 Hun, 270.)

The nature of the action and the material facts are stated in the opinion.

*William Kernan* for appellant. By the act creating the plaintiff and the amendment thereto, the plaintiff was not authorized to loan any of the money deposited with it upon the promissory notes of individuals, and was prohibited by law from making such loans ; therefore the two notes in exchange for which the note in suit was given were void; and the note in suit was and is likewise void and furnishes no ground of action against the appellant. (*N. Y. Fireman's Ins. Co.* v. *Ely*, 2 Cow. 678, 682 ; *People* v. *Utica Ins. Co.*, 15 Johns. 383 ; *Bk. of Salina* v. *Alvord*, 31 N. Y. 474 ; 1 R. S. 600, § 4, tit. 3, chap. 18 ; 1 R. S. 712, §§ 3–5 ; *N. Y. St. L. & Tr. Co.* v. *Helmer*, 77 N. Y. 64 ; *Pratt* v. *Short*, 79 id. 437, 443 ; *No. R. Ins. Co.* v. *Lawrence*, 3 Wend. 483 ; Laws of 1851, chaps. 100, 138, 245, 293, 469 ; Laws of 1875, chap. 371, § 27 ; Annual Report Banking Dept. for 1878, 45, 54 ; *Payne* v. *Barnum*, 59 How. Pr. 303 ; Laws of 1839, chap. 242 ; Laws of 1842, chap. 304.) The cause of action, if one existed, for money loaned to, or had or received by the defendant, was a separate and direct cause of action from the note, and before it could be enforced or tried, it was necessary to allege it in the complaint. (*Ferguson* v. *Ferguson*, 2 Comst. 360 ; *Kelsey* v. *Western*, 2 id. 506 ; *N. Y. C. Ins. Co.* v. *Nat. Ins. Co.*, 20 Barb. 473 ; *Rome Exch'ge Bk.* v. *Eames*, 1 Keyes, 592 ; *N. Y. L. & Tr. Co.* v. *Helmer*, 77 N. Y. 64–72.) The appellant never had the money or any part of it, and was not liable for it, and no recovery could be had against him for it. (*Utica Ins. Co.* v. *Cadwell*, 3 Wend. 296, 302 ; *Pennington* v. *Townsend*, 7 id. 276, 281.)

*H. E. Sickels* for respondent. The taking of the note by

the savings bank was not contrary to any statute prohibition, nor was it even *ultra vires* in any sense, or without statutory authority, but was in strict conformity to its charter, and the plaintiff had a perfect right to take, hold and collect it. (Laws of 1851, chap. 324, § 6 ; Laws of 1857, chap. 136, § 1; Laws of 1865, chap. 150.) Even if it were *ultra vires*, or beyond the power of the corporation to loan money on personal security, or even though it were expressly prohibited ; still the loan and the security would be valid, unless the statute declared it to be void. Even when the statute declares a discounted note to be void, any security taken as collateral to it is valid. (U. S. R. S., § 5200 ; *Stephens* v. *Monongahela Nat. Bk.*, 32 Am. Rep. 438, 444; *O'Hare* v. *Second Nat. Bk. Titusville*, 27 P. F. Smith, 96 ; *Gold Mining Co.* v. *Nat. Bk.*, 96 U. S. 640, 642; *Pangburn* v. *Westlake*, 36 Iowa, 546; *Vining* v. *Bricker*, 14 Ohio St. 331 ; *Mott* v. *U. S. Trust Co.*, 19 Barb. 568, 571 ; *Hurd* v. *Green*, 17 Hun, 327 ; *Hurd* v. *Kelly*, 78 N. Y. 588; *Rider Life Raft Co.* v. *Roach*, 97 id. 378.) Even where the statute declares a discounted note to be void, the court will hold the loan made upon it to be valid, and will enforce the payment out of any collateral security. (*Pratt* v. *Eaton*, 18 Hun, 293; 79 N. Y. 449 ; *N. Y. State L. & Tr. Co.* v. *Helmer*, 77 id. 64; 32 Hun, 270.) The plea of *ultra vires*, as a general rule, will not prevail, whether interposed for or against a corporation when it will not advance justice, but will, on the other hand, accomplish a legal wrong. (*Whitney Arms Co.* v. *Barlow*, 63 N. Y. 63, 68, 69, 71; *Alger* v. *Miller*, 56 Barb. 227, 232; *State of N. Y.* v. *City of Buffalo*, 2 Hill, 434; *In re Patterson*, 18 Hun, 224; *Bissell* v. *Mich. So., etc., R. Co.*, 22 N. Y. 269, 270, 271, 272; *At. St. Bk.* v. *Savery*, 82 id. 306, 307 ; *Bk. R. & U. R. R. Co.* v. *Clarke*, 25 id. 208; *Steam Nav. Co.* v. *Weed*, 17 Barb. 368 ; *Parish* v. *Wheeler*, 22 N. Y. 494 ; *Rider L. Raft Co* v. *Roach*, 97 id. 378.) The note in suit having been given as part of the consideration for the surrender of the original notes, it was founded on a good consideration and was not unlawful. (*Pratt* v. *Short*, 79 N. Y. 437 ; *Pratt* v. *Eaton*, id. 449.)

Earl, J. The plaintiff is a savings bank organized under the act chapter 324 of the Laws of 1851, by which it was empowered to receive on deposit money and invest the same in securities or stocks of this State or of the United States, or in the stock or bonds of any city authorized to be issued by the legislature, or in such other manner as was authorized by the act. The act further provided that no money deposited in the bank should be invested except in the securities or stocks mentioned in opposition to the vote of any trustees, but that by the consent and approbation of all the trustees present at a regular meeting, amounts not exceeding $3,000, to any individual, might be loaned on unincumbered productive real estate worth, exclusive of buildings thereon, at least double the amount to be secured thereby; and that it should be the duty of the trustees to invest, as soon as practicable, in public stocks or public securities, or in bonds and mortgages, as provided for in the act, all sums received by them beyond " an available fund of not exceeding $25,000, or not exceeding one-third of the total amount of deposits," at the discretion of the trustees, which they might keep to meet the current payments of the bank, and which might by them be " kept on deposit, on interest or otherwise, or in such available form " as they might direct.

In 1871 the bank loaned $3,000 upon a note signed by twenty-one persons, and $2,000 upon a note signed by thirteen persons. Those loans were made for the benefit of St. Joseph's Church at Rome, but upon the credit of the makers of the notes to one of whom the money was delivered. On the 1st day of July, 1874, the bank still held those notes, upon which there remained due $3,500, and to pay that sum and to take up the notes it took the note in suit for $3,500, payable to it on demand and signed by the defendant and thirty-nine other persons. The note not having been paid, this action was commenced against all the makers thereof, and the defendant Krug interposed as a defense that the note was not one of the securities which the bank was authorized to take and invest in, and that it was, therefore, unlawful and void. Judgment was

rendered against him and the other defendants and upon appeal therefrom to the General Term it was affirmed. It was. there held that the available funds which the bank was required to keep to meet its current payments could be invested upon personal security, payable upon demand with interest; and hence that this note was not illegal or unlawful. It was also held that the taking of the note was not an immoral act; that even if the bank was not authorized by the statute to take it, it was not declared void; that, therefore, the taking of the note was at most *ultra vires* on the part of the bank, and the defendants having received the consideration for the note could not set up the want of power to shield themselves from a just liability.

We do not deem it important to determine whether these views which entered into the judgment of the General Term were sound or not, for there is another ground for the affirmance of the judgment stated in the opinion there pronounced which seems to us to be clearly valid, and upon that we will base our judgment.

Even if it be assumed that the bank had no right to loan its money upon the two notes which it first took, and that those notes as securities to it were wholly void, yet it could recover against the makers of the notes the amount of the money loaned. The money was not loaned to the church and it did not become liable therefor. As between the bank and the makers of the note, they were the borrowers and became liable to the bank for the money obtained from it, and it matters not whether they appropriated the money to their own use or for the benefit of the church. The illegal action of the officers of the bank (if it was illegal) in thus investing its funds did not work a forfeiture of the money loaned, and it had a cause of action for the money, even if the notes were void. (*N. Y. State Loan and Trust Co.* v. *Helmer*, 77 N. Y. 64; *Pratt* v. *Short*, 79 id. 437.) Therefore, on the 1st of July, 1874, having a valid cause of action against the makers of those notes for the money obtained thereby, the bank took the note in suit in satisfaction of that cause of action, and surrendered up those notes which were the evidence thereof.

It cannot be said that this note, made, at least, in part by strangers to the prior notes, was taken by the bank simply in exchange for the pieces of worthless paper which it before held. It was manifestly taken, not as collateral security for, but in satisfaction of, the prior debt, and operated as such.

Thus the note in suit is founded upon a good consideration, and is in no sense illegal or unlawful. The bank could have sued the makers of the first two notes and obtained judgment against them for the money loaned, and, in satisfaction of such judgment, it could have taken any property or thing of value, or any security which it could have obtained without violating any law. So without suit it could take in payment of its debt any property or any security which it could obtain, and was not confined to the securities mentioned in the act under which it was incorporated; and this it could do without transcending its powers or violating the prohibition of any statute.

Therefore, upon this ground, there was no error in the court below in holding that the note sued upon was a valid, lawful security, and enforceable against the makers thereof.

We reach this conclusion the more readily as it is manifestly just that the bank should recover the money loaned. The statute meant for its protection should not be so applied as to work it mischief, unless the law and the facts absolutely require it.

The judgment should be affirmed.

All concur.

Judgment affirmed.