PENN MUT. LIFE INS. CO. v. BRADLEY et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. ESTOPPEL—INSURANCE AGENTS—RECEIPT OF PREMIUMS.
   In an action by a life insurance company for money had and received by defendants for plaintiff while acting as its agents in procuring life insurance and collecting premiums, defendants having received the money as plaintiff's agents, cannot set up as a defense that plaintiff was not authorized to do an insurance business in this state.

2. COUNTERCLAIM—FAILURE TO REPLY.
   An allegation in the answer that plaintiff refused to pay defendants the compensation provided for by the terms of the written agreement set forth in the complaint, which agreement is reaffirmed as a part of the answer, and that there is due defendants thereon $1,200, does not constitute a counterclaim, and therefore it was not error for the referee to refuse defendants' request to find such allegation as a fact, on the ground that plaintiff did not reply thereto.

Appeal from judgment on report of referee.

Action by the Penn Mutual Life Insurance Company against Edwin C. Bradley, Harvey H. Bartholomew, and Nelson S. Williams, to recover for money had and received. From a judgment in favor of plaintiff, defendant Bradley appeals. Affirmed.

For former report, see 14 N. Y. Supp. 948.

Argued before DWIGHT, P. J, and MACOMBER and LEWIS, JJ.

Rufus Scott, for appellant.
J. R. Jewell, for respondent.

LEWIS, J. There is but one cause of action stated in the complaint. It was so held by this court upon an appeal from an order made in this action, where that question was presented, and that is for money had and received by the defendants for the plaintiff while they were acting as plaintiff's agents in procuring life insurance and collecting premiums, which premiums they failed to pay to the plaintiff, and converted to their own use. The appellant contends that the plaintiff was not entitled to recover the premiums, for the reason that the company was not authorized to do an insurance business in the state of New York. There

are two answers to this contention.   The plaintiff's complaint alleges that it was authorized to do an insurance business in the state of New York, and that allegation is admitted in the defendants' answer to be true; and, the defendants having received the money as plaintiff's agent, they are not at liberty, when called upon for payment, to set up such a defense.

The referee did not err in refusing to find as facts the allegations in the third count of the defendants' answer because the plaintiff had neglected to reply thereto.   The facts stated do not constitute a counterclaim, and therefore nothing was admitted by plaintiff's failure to interpose a reply.   The count is as follows:

"Third answer.  For third and other answer, and as counterclaim, the defendants allege, upon information and belief, that the plaintiff failed and refused to pay the said defendants the compensation provided for by the terms of said written agreement set forth at folio five of the complaint, and herein admitted, and now reaffirmed as part of this answer, and that there is due the defendants from the plaintiff therein the sum of twelve hundred dollars, no part of which has ever been paid."

If that portion of the complaint referred to should be incorporated into the defendants' said third answer, it would still fail to state a cause of action.   The report of the referee is fully sustained by the evidence, and no reason appears for a reversal of the judgment.

The judgment appealed from should·be affirmed.   All concur.