## UNITED STATES TITLE GUARANTY CO. v. BROWN.

(Supreme Court, Appellate Division, Second Department.   March 19, 1915.)

1. ATTORNEY AND CLIENT ⬠117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

Pen. Code, § 280, provides that no corporation shall practice law. Plaintiff corporation contracted with third persons to prosecute legal proceedings on their behalf, and retained defendant, an attorney, to conduct the litigations, paying him money for incidental expenses, and he collected other money as a result of the litigations. Plaintiff sued for a termination of the contract and for an accounting. *Held*, that the question whether the corporation, which had violated the statute regarding the practice of law, could recover against the attorney, was one to be decided on grounds of public policy, in which case any benefit to either party was merely incidental to the determination as to what judgment would best serve the public.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ⬠117.]

2. ATTORNEY AND CLIENT ⬠117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

Pen. Code, § 280, provides that no corporation shall practice law. Plaintiff corporation, in violation thereof, contracted with third persons to undertake legal proceedings on their behalf, and employed defendant, an attorney, to conduct the litigations, paying him money for incidental expenses, and he collected other money as a result of the litigations. Plaintiff sued for a termination of the contract and for an accounting. *Held*, that the plaintiff might recover; the transactions between them having been merely mala prohibita, not mala in se.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ⬠117.]

3. ATTORNEY AND CLIENT ⬠117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

*Held*, further, that plaintiff might recover, since the denial of relief to it would further no specific provision of the statute, which prescribes an exclusive punishment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ⬠117.]

4. ATTORNEY AND CLIENT ⬠117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

*Held*, also, that defendant could not set up violation of the penal statute in bar of the suit against him, since he had received the money sought

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in his professional capacity as a member of a profession, by compelling the integrity of which public policy will best be served.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ☞117.]

5. ATTORNEY AND CLIENT ☞117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

*Held*, further, that defendant could not set up plaintiff's violation of the statute in bar of the suit against him; he being particeps criminis, and justice and equity requiring the restoration of the money.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, · 234, 235; Dec. Dig. ☞117.]

6. ATTORNEY AND CLIENT ☞117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

*Held*, also, that the case was within the principle that one who has received money as the agent of a plaintiff cannot plead his principal's defective title, when sued for an accounting.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ☞117.]

7. ATTORNEY AND CLIENT ☞117—EMPLOYMENT OF ATTORNEY BY CORPORATION PRACTICING LAW—STATUTE.

*Held*, that the defendant could not set up the statute in bar of a recovery against him, since such recovery does not enforce the prohibited contracts between the plaintiff corporation and third persons.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. ☞117.]

8. CONSTITUTIONAL LAW ☞67—POWER—PUBLIC POLICY.

A court cannot decide a case in accordance with its individual views of public policy upon ethical principles, without support in Constitution, statute, or judicial decisions.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 123; Dec. Dig. ☞67.]

Appeal from Special Term, Kings County.

Action by the United States Title Guaranty Company against Arthur A. Brown. Judgment for plaintiff (86 Misc. Rep. 287, 149 N. Y. Supp. 186), and defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edwin D. Webb, of New York City, for appellant.

Benjamin Reass, of Brooklyn (Hugo Hirsh and Emanuel Newman, both of Brooklyn, on the brief), for respondent.

JENKS, P. J. The plaintiff corporation made contracts with third persons to undertake legal proceedings on their behalf, and retained the defendant as an attorney and counselor at law to conduct the litigations. The plaintiff advanced moneys to the defendant for incidental expenses of the litigations, and the defendant also collected moneys as the fruit of some of these legal proceedings. The plaintiff and the defendant fell out, and so the plaintiff sues to terminate the agreement between them and for an accounting. The Special Term gave judgment for the plaintiff, and the defendant appeals.

[1] The defendant's plea at trial, and contention here is that the said contracts of the plaintiff and the third persons were illegal, inasmuch as the plaintiff is a corporation (section 280 of the Penal Code),

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and therefore the plaintiff was not entitled to judgment. The defendant at the trial admitted frankly that, save for this plea, he should account to the plaintiff. Although I think that the said contracts were illegal (section 280, Penal Code), yet I think that the judgment should be affirmed; for I am of opinion that the case should turn upon consideration of public policy, which subordinates the question which party may be benefited by the judgment, for benefit to either party is but incidental to the determination whether the public is better served by our judgment. See 9 Cyc. 550, b. And yet, if the plaintiff benefit incidentally thereby, it but receives moneys which in justice and in equity are due to it; and, if the defendant benefit, he takes these moneys as his own. As Lord Mansfield observes in Holman v. Johnson, Cowper, 341:

"The objection * * * sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may so say."

"But the very meaning of public policy is the interest of others than the parties, and that interest is not to be at the mercy of the defendant alone." Holmes, J., for the court in Beasley v. Texas & Pacific R. Co., 191 U. S. at page 498, 24 Sup. Ct. at page 166, 48 L. Ed. 274.

And, first, what is the nature of the offending of the plaintiff? It practiced law as a corporation. In the Matter of Co-operative Law Co., 198 N. Y. 479, 481, 92 N. E. 15, 32 L. R. A. (N. S.) 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, when the court considered this statute it determined that its purpose and effect is to preserve an ancient and honorable profession "of the highest usefulness and standing," one which "involves the highest personal trust and confidence," from the inroads of a legal entity that could neither qualify for practice nor discharge such personal obligations of trust and confidence, and which, either acting as a middleman, so to speak, between client and attorney, might destroy the relation of client and attorney, or, with its aggregated power, might affect the individual independence of the bar.

[2, 3] That which the plaintiff did involved nothing immoral nor of turpitude; the doings were mala prohibita, not mala in se. Nor can we assert that the plaintiff set about brazenly to violate the statute, or to evade it, for it pleads with some plausibility and in apparent good faith the special provisions of chapter 769 of the Laws of 1896, incorporating a prior title and indemnity company, to which the plaintiff succeeded by merger. Nor can we say that the denial of the relief sought is in furtherance of any specific provision of the offended statute, by way of penalty or of punishment, for that statute prescribes an exclusive punishment—a matter of consideration that makes for the plaintiff. Pratt v. Short, 79 N. Y. at page 445, 35 Am. Rep. 531.

[4, 5] On the other hand, let us consider the position of the defendant, if his plea prevail. Incident to a vindication of the statute invoked by him, he escapes an accounting for the moneys which in justice and in equity belong to the plaintiff—moneys which he received as a member of an ancient and an honorable profession, and one that involves the highest personal trust and confidence. Matter of

Co-operative Law Co., supra; Matter of Dunn, 205 N. Y. at page 401, 98 N. E. 914, Ann. Cas. 1913E, 536. True, the statute is not aimed at him directly, for he is an individual permitted to practice law. But in that practice he accepted a retainer from the plaintiff to perform the illegal contracts which the plaintiff had made with third persons. And in so far as he performed, he rendered himself particeps criminis. Arnot v. Pittston & Elmira Coal Co., 68 N. Y. 558–567, 23 Am. Rep. 190; section 27, Penal Law. And but for the protection of his plea, the outcome of such conduct might be larceny. Section 1290, Penal Code. I intend nothing personal; my comments would be applicable to any other member of the bar who had pleaded likewise. And I add that there is no criticism to be made upon the professional performance of his retainer. Aside from the incidental benefits to the litigants, judgment in this case makes more for the preservation of the profession from degradation, for the retention of public confidence in it, for the determent of other members of it.

It is said by the Supreme Court in Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732, that it was hard to see how the statute enacted for the benefit of the soldier was rendered any more effective by leaving all of the moneys in the hands of Brooks, instead of requiring him to execute justice by an accounting, and so in this case it is equally hard to see how the statute in this case is rendered more effective by permitting an attorney and counselor of the court, who aided and abetted in violation of the statute, to go scot-free with the moneys of the plaintiff in his professional pocket.

[6-8] I am mindful that public policy rests upon the laws; that we cannot dispose of this case upon ethical principles, for which there is no support in Constitution, statute, or judicial decision. People v. Hawkins, 157 N. Y. 12, 51 N. E. 257, 42 L. R. A. 490, 68 Am. St. Rep. 736. But I am of opinion that there is authority for an affirmance. In Pratt v. Short, supra, the court, per Andrews, J., say:

"It is no doubt the general rule of law that no right of action can spring out of an illegal contract. And the rule that an illegal contract cannot be enforced applies as well to contracts malum prohibitum as to contracts malum in se. But it does not necessarily follow that all the consequences attending a contract, which is contrary to public morals, or founded on an immoral consideration, attend and affect a contract malum prohibitum merely. The law in the former case will not undertake to relieve parties from the position in which they have placed themselves, or to adjust the equities between them. But in the latter case, while the law will not enforce the prohibited contract, it will take notice of the circumstances, and, if justice and equity require a restoration of money or property received by either party thereunder, it will and in many cases has given relief. So also a prohibitory statute may itself point out the consequences of its violation, and if, on a consideration of the whole statute, it appears that the Legislature intended to define such consequences, and to exclude any other penalty or forfeiture than such as is declared in the statute itself, no other will be enforced, and if an action can be maintained on the transaction of which the prohibited transaction was a part, without sanctioning the illegality, such action will be entertained."

See, too, Story's Eq. Jur. (18th Ed.) 300.

The principle enunciated in Pratt v. Short has received frequent recognition. McBroom v. Scottish Mortgage & Land Investment Co., 153 U. S. 318–323, 14 Sup. Ct. 852, 38 L. Ed. 729; Dunn v. O'Connor, 25

App. Div. 73–77, 49 N. Y. Supp. 270; Ring v. L. I. Real Estate Exchange, 93 App. Div. 442, 87 N. Y. Supp. 682; First Nat. Bank v. Cornell, 8 App. Div. 427, 40 N. Y. Supp. 850; Rome Savings Bank v. Krug, 102 N. Y. 331–335, 6 N. E. 682; Bath Gas Light Co. v. Claffy, 151 N. Y. 24–37, 45 N. E. 390, 36 L. R. A. 664; Duval v. Wellman, 124 N. Y. at page 160, 26 N. E. 343; People v. Knapp, 147 App. Div. 436–445, 132 N. Y. Supp. 747.

The plaintiff, for aught decided in this case, remains liable to the exclusive punishment prescribed by the statute. We affirm a judgment, not enforcing the prohibited contracts, but upon taking "notice of the circumstances," and in the belief that "justice and equity require a restoration of money" (Pratt v. Short, supra), and in consideration of public policy, in order to uphold the principle that a member of the bar cannot invoke a violation of law in which he participated, for the purpose of retaining moneys, received by him in his professional capacity, which he agreed another should have, and for which in justice and in equity he should account. Irwin v. Curie, 171 N. Y. at page 414, 64 N. E. 161, 58 L. R. A. 830. We cannot uphold him in his vindication of a law which he too broke, to the end that he should keep moneys which are not his own.

It must not be forgotten that the illegal contracts were those made between the plaintiff and third persons, that the plaintiff does not seek the enforcement of those contracts, nor can it be said that our disposition of this case even indirectly countenances contracts that are mala in se. And, in the language of Miller, J., in Brooks v. Martin, supra:

"The transactions which were illegal have become accomplished facts, and cannot be affected by any action of the court in this case."

Further authority upon this point is found in Planters' Bank v. Union Bank, 16 Wall. 483–500, 21 L. Ed. 473; and cases cited.

There is a further ground upon which we may rest affirmance. The rule as to dealings between client and attorney is that which obtains between principal and agent. Brock v. Barnes, 40 Barb. 521–528, citing Story's Eq. Jur.; Sims v. Brown, 6 Thomp. & C. 5, affirmed 64 N. Y. 660. In Penn Mut. Life Ins. Co. v. Bradley, 66 Hun, 635, 21 N. Y. Supp. 876, it was decided that the defendants, having received money as the agents of the plaintiff, could not plead that the plaintiff was not authorized to do business within this state. This judgment was affirmed on the opinion below. Penn Mutual Ins. Co. v. Bradley, 142 N. Y. 660, 37 N. E. 569. See, too, Murray v. Vanderbilt, 39 Barb. 140–152; Brooks v. Martin, supra; Pointer v. Smith, 7 Heisk. (Tenn.) 137.

The interlocutory judgment is affirmed, with costs.

CARR and PUTNAM, JJ., concur. THOMAS and STAPLETON, JJ., concur, upon the first ground stated in the opinion.