LOCOMOBILE CO. OF AMERICA v. NICHOLS. ·(No. 7240.)

(Supreme Court, Appellate Division, First Department.  May 14, 1915.)

1. PRINCIPAL AND AGENT ☞64—KNOWLEDGE OF AGENT.

An agent, employed by a third person to collect money for another, is chargeable with that knowledge of his principal's right which he could have acquired by inquiry.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 113–122; Dec. Dig. ☞64.]

2. ACCORD AND SATISFACTION ☞7—WHAT CONSTITUTES.

Where an agent employed to collect funds made unwarranted deductions from the amount due his principal, the fact that his principal, after protesting the deduction, cashed the check did not work an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 46–58, 66, 94, 95; Dec. Dig. ☞7.]

Dowling, J., dissenting.

Appeal from Appellate Term, First Department.

Action by the Locomobile Company of America against Edwin Nichols.  From a judgment for plaintiff, defendant appeals.  Affirmed.

See, also, 151 N. Y. Supp. 1127:

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arthur W. Clement, of New York City, for appellant.

William W. Niles, of New York City, for respondent.

SCOTT, J.  This action is for moneys had and received.  In March, 1908, two automobiles belonging to plaintiff were destroyed while in transit on the International & Great Northern Railway Company, with a resultant loss of $3,553.  Plaintiff was also protected to the extent of $2,139 by a policy of insurance by the Columbia Insurance Company.  The latter company paid the amount for which it was liable to plaintiff, receiving from the latter a paper, which assumed some importance in the trial of the case, and was known as Exhibit B.  This paper reads as follows:

"In consideration of your advancing us the sum of twenty-one hundred thirty-nine and 00/100 dollars $2,139.00 as a loan to be repaid without interest as recovery may be effected from the carriers in respect of the undernoted merchandise, we hereby agree to put forward a claim against the carriers and/or bailees of the said merchandise in whose hands the same received damage and upon receiving payment from them we hereby undertake to refund you whatever is recovered up to the amount of this loan $2,139.00.  All over this amount to be retained by us.

"It is further understood and agreed that you are to be responsible for all the costs, attorney's fees and expenses incurred in connection with the claim."

It is to be observed that while the paper speaks of the money paid by the Insurance Company as a loan to be repaid without interest, such promise of repayment is contingent upon a recovery from the carrier, and also that there is no assignment of the claim to the Insur-

ance Company, but in place thereof an agreement on the part of the plaintiff to prosecute its claim against the carrier. The condition is precise that all costs, attorney's fees, and expenses in connection with the claim were to be borne by the Insurance Company, and that everything recovered over the sum of $2,139 should be retained by the plaintiff. The Insurance Company undertook the collection of the claim, and to this end employed defendant, an adjuster engaged in the business of collecting claims from common carriers. In October, 1911, defendant succeeded in collecting the entire .amount of the claim with interest, receiving in payment thereof $4,087.14. It appears quite plainly from his own letters that he knew perfectly well from the beginning that the claim belonged to plaintiff, and that in collecting it he was acting in behalf of plaintiff, as its agent. Whether or not he knew the precise terms of the agreement between plaintiff and the Insurance Company does not appear, but it is immaterial whether he did or not, because he could have readily learned these terms if he had seen fit to inquire, as he was certainly bound to do before disposing of his principal's money. If he had so inquired he would have learned that no more than $2,139 was, in any event, payable to the Insurance Company, and that all the balance belonged to plaintiff, and that all the costs and expenses of collecting the whole sum, including his own fee, were payable by the Insurance Company. Instead of taking proper steps to ascertain what his duty to his principal was, he applied to the Insurance Company for instructions as to how the sum collected should be distributed, and, acting under instructions from that company he paid it $2,139, the amount which it had paid to plaintiff and was entitled to receive out of the collected claim, together with $321.57, interest, which the Insurance Company was not entitled to receive under its agreement with plaintiff. He then sent to the plaintiff a check for the balance of the sum collected ($1,616.57), less an amount to which he claimed to be entitled as compensation for his services ($406.64), which he retained. The plaintiff immediately protested against the payment of interest to the Insurance Company, and against being charged for any part of defendant's fees, which it insisted, and rightly, should be wholly borne and paid by the Insurance Company. Active negotiations proceeded for some time, plaintiff insisting that defendant should pay to it the sums which he had improperly paid to the Insurance Company for interest, and had retained out of plaintiff's share of the recovery for compensation, and the defendant refusing to make such payment. It is for these sums that plaintiff has recovered judgment.

[1] The plaintiff's right to have been paid the sums for which it now sues is so clear that we should content ourselves with affirming the judgment without writing an opinion were it not for a defense which is strenuously insisted upon and which deserves consideration. In collecting the money defendant acted, as he well knew, as plaintiff's agent, and the money collected belonged to plaintiff. He was chargeable with the knowledge, which he could have acquired by inquiry, of plaintiff's rights, which were to receive the whole amount collected, less $2,139, due to the Insurance Company. Indeed, strictly

speaking, as to this sum defendant had no right to pay over the money to the Insurance Company without plaintiff's consent.

[2] The one defense which seems to call for consideration rests upon the following facts: It was on October 20, 1911, that defendant sent his check to plaintiff. As already said, plaintiff at once protested to the amount, and began active negotiations to induce defendant to pay more. There never was any question but that plaintiff was entitled at all events to the amount represented by the check. Pending these negotiations plaintiff held the check and did not deposit it for collection until April 4, 1912, when it was paid. The defendant now insists that the retention and deposit of this check operated as an accord and satisfaction. To support this defense he relies upon Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, and Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, both of which had to do with claims wholly unliquidated. Both of these cases were examined and distinguished in Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986, the court saying:

"In these cases the doctrine of accord and satisfaction was carried to the extreme limit, and it is not our purpose to further extend the rule."

The case last cited was similar to the present in this: That the controversy was between a principal and its agent; that the agent had collected money belonging to the principal, and had paid over a sum concededly due, retaining a further sum claimed to be due for commission, which claim, however, the principal repudiated; that the principal kept and retained the amount paid over to it, as well as statements on account showing the amounts collected, the amounts paid over, and the amounts retained for commissions claimed. The court, after discussing the general principles of an account stated, said:

"Ordinarily the retention of a check inclosed in a letter, which refers to the amount due as a balance due on accounts between the parties, will not be held to be an accord and satisfaction so as to bar an action for the balance due. McKay v. Myers, 168 Mass. 312 [47 N. E. 98]; Day v. McLea, L. R. 22 Q. B. Div. 610. It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check. Nassoiy v. Tomlinson, supra; Fuller v. Kemp, supra. In this case the defendants were engaged in collecting money for the plaintiff; their character was that of agents. From time to time they remitted balances to the plaintiff. It was the plaintiff's money. It objected early to the retention of commissions by the defendants, and continued such objection through several months, to nearly every account rendered in which commissions were charged. We think that the court below properly held that no accord and satisfaction were established."

See, also, Komp v. Raymond, 175 N. Y. 112, 67 N. E. 113; Fireproof Const. Co. v. Butterfield, 143 App. Div. 708, 128 N. Y. Supp. 407.

The language we have quoted fits exactly the facts in the present case. The money which defendant collected was the plaintiff's money. No dispute arose until the check was received by plaintiff, and no dispute ever arose as to plaintiff's right to receive and retain, at all events, the amount represented by the check. It concededly belonged

to plaintiff. The only dispute was as to the sums of money belonging to plaintiff which defendant had wrongfully diverted or retained. As to this the plaintiff promptly protested. It seems to us impossible to say that, under these circumstances the retention by plaintiff of its own money to which defendant made no claim established an accord and satisfaction as to a further sum of money as to which there arose a dispute after the payment of the amount admittedly due. "The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction." Mance v. Hossington, 205 N. Y. 33–36, 98 N. E. 203.

The determination of the Appellate Term is affirmed with costs. Order filed.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur. DOWLING, J., dissents upon the ground of an accord and satisfaction between the parties.

