stances, I think that sales made for the firm furnish a reasonable criterion by which probable sales for the defendant can be estimated.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

FINCH, J., concurs. BIJUR, J., concurs in result.

---

(92 Misc. Rep. 558)

### FACTORS' FIRE INS. CO. v. WHILDEN et al.

(Supreme Court, Special Term, New York County.   December 27, 1915.)

1. INSURANCE ⬉═26—AGENTS—ACTION FOR ACCOUNTING—FOREIGN CORPORATION.

An agent, who had acted for a foreign insurance company under a license obtained under Insurance Law (Consol. Laws, c. 28) § 137, permitting the superintendent of insurance, on payment of a certain license fee, to issue revocable licenses permitting the licensee to act as agent to procure policies of fire insurance from corporations not authorized to do business in the state, could not, on the company's action for an accounting, defend on the ground that the company had not procured the certificate to do business in the state, required by General Corporation Law (Consol. Laws, c. 23) § 15.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. ⬉═26.]

2. INSURANCE ⬉═26—AGENT—ESTOPPEL.

One who has received premiums for an insurance company as its agent is estopped from claiming, in an action brought to recover the money, that the company had not procured authority to do business in the state.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. ⬉═26.]

3. ACCORD AND SATISFACTION ⬉═11—AGREEMENT—NOTATION ON CHECK.

After a dispute by correspondence as to the amount of commissions due plaintiff from its agent, the agent sent a summary statement of account, with a check for the amount appearing from his statement to be due, on which was written, "In payment of balance in full to June 1, 1911," and plaintiff, keeping the check, at once claimed that a larger sum was due, and asked for a detailed statement, and the agent promised to get up an account, and see if they could not reach a final settlement. *Held* that, as no agreement had been reached between the parties, there had been no accord and satisfaction, and that plaintiff's retention of the amount admittedly due did not amount to an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. ⬉═11.]

4. ACCOUNT ⬉═4—RIGHT OF ACTION—FIDUCIARY RELATION.

An insurance company, disputing the amount due it in settlement with its agent, was entitled to maintain an action for an accounting, since the relation of the parties was a fiduciary one.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 13, 14; Dec. Dig. ⬉═4.]

Action by the Factors' Fire Insurance Company against William G. Whilden and another.   Judgment for plaintiff.

See, also, 163 App. Div. 956, 148 N. Y. Supp. 1114.

⬉═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Otis & Otis, of New York City (A. Walker Otis, of New York City, of counsel), for plaintiff.

Ingram, Root, Massey, Clark & Lowe, of New York City (Albert Massey and Earl D. Deremer, both of New York City, of counsel), for defendants.

GIEGERICH, J.   [1] The action is brought by a fire insurance company against its agents for an accounting.   One of the grounds on which the defendants resist the action is that the plaintiff is a foreign corporation, but never procured the certificate to do business in this state required by section 15 of the General Corporation Law.   The fact is, however, that the transactions in suit were carried on under a statute which, under certain conditions, permits agents in this state to procure, for persons desiring such insurance, policies of fire insurance from companies not authorized to do business in this state.   The complaint alleges, and the answer does not deny, that the defendants acted as agents for the plaintiff pursuant to the provisions of the statute referred to.   That statute, being section 137 of the Insurance Law of this state (chapter 33, Laws of 1909, being chapter 28 of the Consolidated Laws), in the form in which that section stood during the period covered by the transactions in suit, so far as it need be quoted, was as follows:

"*License to Agents in Excepted Cases.*   The superintendent of insurance, in consideration of the yearly payment of two hundred dollars, except in counties having less than one hundred thousand inhabitants, in which case the fee shall not exceed twenty-five dollars, may issue to citizens of this state not exceeding two hundred in number, a license revocable at any time, permitting the party named in such license to act as agent to procure policies of fire insurance from corporations, persons, partnerships and associations which are not authorized to do business in this state.   Before any insurance shall be procured under or by virtue of said license, there shall be executed by the licensed agent and by the party desiring an insurance, an affidavit in duplicate, one of which shall be filed in the insurance department and the other in the clerk's office of the county in which the property proposed to be insured is located, within thirty days after the procuring of such insurance.   Such affidavit shall set forth that the party desiring insurance is, after diligent effort, unable to procure the amount required to protect the property owned or controlled by him from the insurance corporations duly authorized to transact business in this state."

It is entirely clear from the language of this statute that the policies contemplated by it were policies of companies not authorized to transact business in this state.   Indeed, the statute in effect expressly says so.   By its terms it applies to corporations "not authorized to do business in this state."   Unless it did apply to corporations not authorized to do business in this state, the section would be wholly uncalled for and ineffectual, because corporations authorized to do business here do not need such an enabling provision.

[2] Furthermore, it has been held by the courts of this state that one who has received premiums for an insurance company as its agent is estopped from claiming, in an action brought to recover the moneys thus received, that the company had not procured authority to do business here.   Penn Mutual Life Ins. Co. v. Bradley, 21 N. Y. Supp.

876,[1] affirmed 142 N. Y. 660, 37 N. E. 569; Franzen v. Zimmer, 90 Hun, 103, 35 N. Y. Supp. 612.

[3] The defendants also claim that there was an accord and satisfaction. After a dispute by correspondence as to the amount of commissions due them, the defendants sent the plaintiff a summary statement of account, with a check for $454.15; that being the amount that appeared from such statement to be due the plaintiff. On the check were written the words: "In payment of balance in full to June 1, 1911." The plaintiff kept the check, but wrote at once, claiming that a larger sum was due, and asking for a detailed statement, and the defendants replied that they would "get up the account to which you refer and see if we cannot reach a final settlement." From this it is clear that the defendants themselves did not at the time consider that an agreement had been reached, but that the matter was left open for future final adjustment. Needless to say that an accord and satisfaction necessarily implies an agreement. The testimony of the defendant Hancock strengthens the conclusion that there was no accord and satisfaction. From that testimony it appears that the defendants admitted that $454.15 was due, and that the only point in controversy was whether an additional amount was due. In Locomobile Co. of America v. Nichols, 167 App. Div. 849, 153 N. Y. Supp. 227, there was a dispute between a principal and an agent as to how much was due from the agent. There, as here, there was no question but that the principal was entitled at all events to the amount represented by the check sent by the agent in payment. The court there said, at pages 853 and 854 of 167 App. Div., at page 230 of 153 N. Y. Supp.:

"It seems to us impossible to say that, under these circumstances, the retention by the plaintiff of its own money, to which the defendant made no claim, established an accord and satisfaction as to a further sum of money as to which there arose a dispute after the payment of the amount admittedly due. The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction' "—citing Mance v. Hossington, 205 N. Y. 33, 36, 98 N. E. 203.

[4] The defendants further claim that the plaintiff has an adequate remedy at law, and is not entitled to a judgment for an accounting. My opinion is to the contrary. There can be no question of the fiduciary relation of the defendants to the plaintiff. The moneys received by them, less their commissions, belonged to the plaintiff. No full account has ever been rendered. The statement sent by them with the check in question appears to be a list of items which are themselves aggregates and not original items. The letter of June 13, 1911, written by the plaintiff to the defendants after the receipt of the check and statement referred to, asks for "a detailed statement of your account." The answer of the defendants, dated June 16, 1911, promised such an account, but none has ever been rendered.

The plaintiff is entitled to an interlocutory judgment as prayed for, with costs. The requests for findings of the respective parties have been passed upon, as indicated on the margins. Submit for my signature, upon two days' notice of presentation, a complete decision embodying all findings made, with proof of service on the other side.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 635.