EAST SIDE CREDIT UNION OF NEW YORK, Appellant, *v.* SIMON LEIMAN and Others, Defendants.

HARRY LEIMAN, Respondent.

Supreme Court, Appellate Term, First Department, April 13, 1927.

**Banks and banking — credit unions — maker of note was president and director of plaintiff credit union — loan was effected in violation of Banking Law, § 454, subd. 4 — note valid and surety liable though statute prohibited maker from taking loan in absence of approval of members of corporation.**

This promissory note which was given by one of defendants herein, and on which a codefendant was surety, at a time when the maker was president and a director of the plaintiff credit union, is valid and the surety thereon is liable, although the loan was procured by the defendant without the sanction of the members of the corporation, as required by subdivision 4 of section 454 of the Banking Law.

The fact that said statute prohibits any director, officer or member of the credit committee of said corporation to borrow directly or indirectly unless the loan is approved at a regularly called meeting of the corporation by a majority vote of those present, neither invalidates the note nor discharges the surety, for the statute was intended as a restriction upon the powers of the credit union for the protection of its members rather than to carry out a general policy of the State.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing the complaint at the close of plaintiff's case and in favor of defendants for costs to the amount of $199.57.

*Harris Koppelman* [*Paul L. Ross* of counsel], for the appellant.

*Benjamin Berger*, for the respondent.

PER CURIAM. The plaintiff lent defendant Simon Leiman $1,500. Leiman's note was joined in by defendant Harry Leiman as surety. The maker, Simon Leiman, at the time of the execution of the note was president and a director of the plaintiff. The loan was effected without calling a meeting of the credit union in accordance with section 454, subdivision 4, of the Banking Law (as amd. by Laws of 1923, chap. 701), which reads as follows: "No credit union shall: * * * Permit any director, officer or member of the credit committee or supervisory committee to borrow directly or indirectly or become surety for any loan or advance made by the corporation, unless such loan shall have been .approved at a regularly called meeting of the members of the corporation by a majority .vote of those present, and the notice of such meeting shall have stated that the question of loans

to directors, officers or members of committees would be considered at such meeting."

The sole question raised on this appeal is whether the note was void and the surety consequently discharged. It seems clear that the provision of the Banking Law quoted was intended as a restriction upon the powers of the credit union for the protection of its members, and not one to carry out a general policy of the State, or directed against an act or conduct usually described as *malum in se.* Moreover, there is nothing in the act to the effect that either the loans or the securities given in connection therewith shall be void in the event of failure to comply with the requirement of the statute.

These considerations distinguish the case clearly from *Pratt* v. *Short* (79 N. Y. 437), as explained in *Washington Life Ins. Co.* v. *Clason* (16 App. Div. 434, 437) and in the affirming opinion of the Court of Appeals (162 N. Y. 305).

In view of the manifest intent of the statute to safeguard the assets of the credit union, it would be a frustration of the purpose of the law to relieve the borrower from liability even if only to a certain extent, and the guarantor or surety entirely, when they and not the union have had the benefit of the transaction. (*Washington Life Ins. Co.* v. *Clason, supra,* 436; *U. S. Title Guaranty Co.* v. *Brown,* 166 App. Div. 688; affd., 217 N. Y. 628. See, also, as emphasizing the need of giving due weight to the purpose of the prohibition, *Davis Sewing Machine Co.* v. *Best,* 30 Hun, 638, 643; *Holmes & Griggs Co.* v. *Holmes & Wessell Co.,* 53 id. 52, 56, 57, and *Merchants' Line* v. *B. & O. R. R. Co.,* 222 N. Y. 344.)

Assuming that the plaintiff here could elect to repudiate the validity of the note and to sue the maker as for money had and received (*Pratt* v. *Short, supra*), there would be justification for the position of the defendant as surety if he claimed that by reason of this substantial change in the terms of the loan his liability should be terminated. Such, however, is not the case. Plaintiff has chosen to confirm the transaction in every respect, and there appears to be no ground in law, morals or reason why the surety should be discharged.

Judgment reversed and a new trial granted, with costs to appellant to abide event.

All concur; present, BIJUR, LYDON and LEVY, JJ.