■ MARINE MIDLAND BANK-EASTERN NATIONAL ASSOCIATION, Respondent, v PREL-ALBANY, INC., Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered June 6, 1975 in Schenectady County, which granted plaintiff's motion to strike appellant's amended answer and for summary judgment. This is an action to foreclose a mortgage on certain property owned by appellant in Schenectady County, and in its answer appellant interposed several affirmative defenses as well as a counterclaim which demanded $300,000 in compensatory damages and $2,200,000 in punitive damages. As noted above, plaintiff moved to strike appellant's amended answer and for summary judgment, and Special Term granted this motion in all respects. On this appeal, appellant contends that plaintiff's moving papers were insufficient to sustain the striking of the counterclaim, that summary judgment should not have been granted on plaintiff's claim because the counterclaim demanded an amount in excess of that demanded in the main claim and raised factual issues interwoven with the complaint, and that summary judgment should likewise not have been granted because the affirmative defenses interposed raised factual issues. We cannot agree with these contentions, however, and, mindful that in ruling on a motion for summary judgment we must accept as true all the evidence opposing the motion *(Weiss v Garfield,* 21 AD2d 156), and that summary judgment is a drastic remedy to be granted only where there are clearly no factual issues *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57), we must nonetheless affirm the order of Special Term. The underlying controversy herein arose out of a transfer of the stock of the appellant corporation in December, 1972 whereby the present shareholders purchased the corporation from its former parent company, Prel Corporation. According to appellant, this transfer was conditioned upon plaintiff

converting a certain building construction loan previously made to appellant into a permanent mortgage loan, and appellant further claims that plaintiff made the final advance on the building loan, thereby converting it to a permanent mortgage loan, even though the buildings had not been completed to conform to the specifications. The net effect of all these machinations was that appellant's present stockholders were allegedly forced to go through with their purchase of the corporation, and it is this result which forms the basis of appellant's counterclaim. As can readily be seen, any harm caused by this alleged forced purchase was inflicted upon the individuals who are now appellant's stockholders and not upon the corporation itself. Such being the case, any possible cause of action arising therefrom belongs to these individual shareholders who are not parties to the present suit, and, therefore, the counterclaim was properly stricken. Similarly, the counterclaim having been improperly asserted in this action, it is obvious that the contention premised upon the amount demanded therein must fail. Turning, finally, to the contention that appellant's alleged affirmative defenses raised factual issues making summary judgment improper, we find that this argument also is without merit. Nothing in the record supports the claim that appellant was fraudulently induced to enter into the transaction whereby the mortgage herein was created and, as noted previously, any damage suffered by the present individual stockholders is irrelevant here. Moreover, it is no defense that plaintiff may have loaned an amount in excess of the statutory limitation *(Rome Sav. Bank v Krug,* 102 NY 331; 10 Am Jur 2d, Banks, § 684), or that the last advance was made before it was due because plaintiff had the right to make this final advance and appellant, for its part, accepted it. Order affirmed, with costs to respondent. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.