Anna **BURTON** and Equity Preservation Corp., Plaintiffs,

Robert Julian Burton, Individually and as Assignee of Maurice Burton, **Plaintiff–Appellant,**

v.

Joel **DEFREN** and Rose Chao, **Defendants–Appellees.**

Docket No. 00–7906.

United States Court of Appeals, Second Circuit.

July 17, 2001.

Robert Burton, pro se, New York, NY, for appellant.

Debora A. Pitman, Conway, Farrell, Curtin & Kelly, P.C., New York, NY, for defendant-appellee Joel Defren, for appellee.

Rose Chao, pro se, New York, NY, on submission.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be affirmed in all respects except as to the 210 Park Place contract, as to which we vacate and remand for further proceedings.

Robert Julian Burton, appearing pro se, appeals the judgment of the United States District Court for the Eastern District of New York (Johnson, J.) dismissing his complaint and denying his motion for a new trial brought pursuant to Fed.R.Civ.P. 59. Burton brought suit against Rose Chao and Joel Defren alleging the breach of various contracts for legal services and a breach of fiduciary duty on the part of Defren. After a bench trial, the district court found that Burton's performance did not satisfy the requirements of any of the contracts Chao and Defren allegedly breached, and also noted that many of the contracts were either nonrefundable retainer agreements or agreements for one corporation to provide legal services for another corporation, both unenforceable under New York law. The court further held that Burton's failure to provide the court with any specific accounting of his work for Chao and Defren precluded any award on the basis of *quantum meruit.* Finally, the court held that Burton presented insufficient evidence to show Defren owed him a fiduciary duty.

■ i) *Burton's performance; the enforceability of the contracts.* The district court's finding that Burton did not meet the requirements of the contracts is reviewed for clear error. *See* Fed.R.Civ.P. 52(a); *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 741 (2d Cir.1994).

■ Two of the contracts (the 394 Lincoln Place and 361 Sterling Place contracts) granted Burton's parents the right to purchase an apartment for $1. In exchange, Burton's parents agreed to hire Burton to defend against foreclosure of the properties. The district court denied Burton any recovery under these contracts on the ground that he did not adequately perform the tasks required of him. Because Burton has failed to provide this Court with competent evidence suggesting that that holding was clearly erroneous, we affirm.

■ Three of the contracts (the 400–408 West 128th Street, 394 15th Street, and 226 West 135th Street contracts) are between an asset recovery corporation associated with a particular property and the "Equity Preservation Corporation" (EPC). The asset recovery corporations hold title to properties and/or mortgages; Burton is EPC's sole employee and sole shareholder. The contracts are titled "Retainer Agreements" and they require EPC to "arrange and supervise" legal matters related to the mortgages on the properties. In return, the asset recovery corporation promised a portion of the funds recovered, a third of the stock of the corporation, and a nonrefundable retainer.

■ Under New York law, a corporation cannot render legal services. *See* N.Y. Jud. L. § 495 ("No corporation . . . shall . . . furnish attorneys or counsel, nor . . . render legal services of any kind in actions or proceedings of any nature or in any other way or manner"); *see also In re Tuthill,* 256 A.D. 539, 10 N.Y.S.2d 643, 646 (1939) ("[P]ublic policy does not permit a corporation to directly or indirectly engage in the practice of the law."); *People ex rel. Trojan Realty Co. v. Purdy,* 174 A.D. 702, 162 N.Y.S. 56, 60 (1916) ("We are clearly of the opinion that the principal business which [this corporation] was organized to do, and the only business which it ever did do, to wit, . . . included the practice of law by the corporation, either in person or through attorneys employed by it and under its domination and control. It was therefore organized for an illegal purpose, and its practices were illegal."); 22 N.Y.C.R.R. §§ 1200.1, 1200.18. Contracts that formalize such an arrangement—such as the three at issue here—are void. *See United States Title Guaranty Co. v. Brown,* 166 A.D. 688, 152 N.Y.S. 470 (1915) (declaring contract under which corporation provided legal services void, but granting corporation quantum meruit recovery); *In re Certain Lands for Bridge Purposes in City of New York,* 144 A.D. 107, 128 N.Y.S. 999, 1000 (1911) (declaring contract invalid whereby individual agreed to "retain and employ [the corporation] to act for me and in my behalf in the conduct of certain proceedings affecting my property and to furnish such legal and other expert services as it may deem necessary in connection with the taking of my property by condemnation proceedings." (internal quotation marks omitted)).

■ As to the 210 Park Place contract, Chao retained Burton to realize funds from a mortgage interest. The district court found (as with the contracts discussed above) that Burton's "performance was inadequate to satisfy the conditions of the contract." We see no support for this finding in the record, and Defren conceded at oral argument that there is none. Burton successfully negotiated a settlement of the mortgage, but was not paid his due under the contingency contract. At oral argument, Defren claimed that the money owed to Burton under this contract was applied as a credit against money Burton owed Defren and Chao in unrelated matters. This ground was not relied upon by the district court and we lack a sufficient record to gauge its merits. We therefore vacate the district court's dismissal of this claim and remand for further proceedings.

■ ii) *Quantum meruit.* Burton sought *quantum meruit* damages, *inter alia,* for his work pursuant to an alleged oral contract to defend a mortgage on 442 Sterling Place against foreclosure. Even voided contracts can give rise to *quantum meruit* recovery. *See, e.g., Wong v. Michael Kennedy P.C.,* 853 F.Supp. 73 (E.D.N.Y.1994) (voiding contract as special nonrefundable retainer, but granting some *quantum meruit* recovery to attorney even in the absence of any records); *see also Cohan v. Comm'r of Internal Revenue,* 39 F.2d 540 (2d Cir.1930). However, in light of a) the district court's finding that Burton did not adequately perform under any of the contracts, and b) Burton's failure to cite record evidence (except as to 210 Park Place) to show that this finding was error, we affirm the district court's denial of any *quantum meruit* recovery.

iii) *Fiduciary duty.* We have reviewed Burton's claim that Defren breached a fiduciary duty to Burton, and all other claims raised by Burton on appeal, and we lack any ground for finding error.

For the reasons set forth above, the judgment of the district court is hereby affirmed in all respects except as to the 210 Park Place contract, as to which we

vacate and remand for further proceedings.