Long Island Railroad Company, Plaintiff, *v.* Glen Cove and New York Coach Corporation, Defendant.

Supreme Court, New York County, June 14, 1927.

Motor vehicles — motor bus line — action by railroad to restrain operation of bus line from Glen Cove, L. I., to Forty-fifth street and Broadway, New York city — technical violation of law by defendant not ground for relief — no irreparable injury to plaintiff is shown — injunction denied.

The plaintiff is denied an injunction restraining the defendant from operating a bus line between Glen Cove, L. I., and Forty-fifth street and Broadway, New

304 Long Island R. R. Co. *v.* Glen Cove & N. Y. Coach Corp.

Supreme Court, June, 1927. [Vol. 130

York city, the action being brought on the theory that the defendant had failed to obtain a certificate of necessity and convenience and the necessary consent of the authorities of New York city. The plaintiff cannot maintain this action on the ground that the defendant is guilty of a technical violation of the law in the absence of a showing that the plaintiff has suffered irreparable injury. The evidence does not show that the operation of the defendant's bus line has caused or will cause the plaintiff a special and irreparable injury. While the bus line to some extent parallels the line of the plaintiff it appears that the bus line diverges from plaintiff's line and passes through a different territory and that its New York city terminus is a considerable distance from the terminal of plaintiff's railroad.

Action to restrain defendant from operating a bus line.

*Joseph F. Keany* [*Edward B. Newburn* of counsel], for the plaintiff.

*Celler & Kraushaar* [*Emil Weitzner* of counsel], for the defendant.

Valente, J. The plaintiff in this suit has already obtained a temporary injunction restraining the defendant from the operation of a bus line between the city of Glen Cove, in Nassau county, and Forty-fifth street and Broadway, borough of Manhattan, New York city, as its termini, and seeks to have the same in this suit made permanent. The plaintiff's railroad operates a branch between Glen Cove and the Pennsylvania station, at Thirty-third street and Seventh avenue, in the borough of Manhattan, and has been chartered for a long period of years to operate the same, and it has an entrance into the borough of Manhattan by tunnel under the East river, obtained under the provisions of a trackage agreement between the Pennsylvania Tunnel and Terminal Railroad Company, the Pennsylvania Railroad Company, and it.

The plaintiff claims that, by reason of the failure of the defendant to procure the consent of the municipal authorities of New York city for the operation of the bus line, the absence of a certificate of convenience and necessity from the Public Service Commission of this State, or the consent of the Transit Commission, and the absence of any separate approval by resolution or contract on the part of the mayor of the city of New York for its operation, as provided in chapter 466 of the Laws of 1901, the defendant's maintenance thereof is an illegal one, and subject to the restraint for these reasons by the court. It appears that the defendant's application to the Public Service Commission for a certificate of convenience and necessity was denied because of lack of jurisdiction, though it had obtained franchises from the proper local authorities for its operation in Nassau county, and that its application to the city of New York for a franchise was pending undetermined, for the reason that the policy of the board of estimate was

to pass upon franchises for bus systems within the borders of the city before taking up those of suburban lines, and that the former determination had not yet been made, and the record plausibly discloses that its operation within the city is tolerated because of the great public necessity and emergency now existing.

The mere fact that the defendant has technically violated certain provisions of law is not of itself a legitimate ground or basis for the awarding of injunctive relief in this case. It is not the violation of a statute, but some gross, unpreventable and irreparable injury which plaintiff suffers as the proximate result of defendant's act that gives it redress, if any. The plaintiff is not a proper party for the purpose of enforcing technical compliance with the law. Its right, if any, must rest upon the equitable ground of special injury to it. As the Court of Appeals said in *N. Y., O. & W. R. Co. v. Griffin* (235 N. Y. 174): " The basis of the injunction in this case, it must be remembered, is the irreparable loss to the plaintiff and not merely the violation of some provision of law."

It is clear, therefore, that the case rests upon an entirely different ground than it would had the plaintiff been the city of New York or some agency of the State.

The decisive question, therefore, in this case is that of irreparable injury to the plaintiff, and the record in this case fails to show by a preponderance of the creditable evidence that the defendant's maintenance of this system of bus line works such result upon the plaintiff. There are a number of reasons why such is not the fact from the standpoint of the law, among them that the lines are not parallel; that, while starting at a common point, they diverge, pass through different sections and end at termini distant from each other in the congested heart of New York city. Nor is the evidence convincing that the diminution in revenue at two stations of the plaintiff in Glen Cove in the years 1925 and 1926, when compared, was due in any way to the defendant's business. It is significant that the plaintiff failed to produce any evidence respecting receipts at other stations in Nassau county. Even the plaintiff's witnesses stated that tickets from departing points in Nassau county were sold at the Pennsylvania station. The record fails to show what the amount of such sales was.

Moreover, the defendant's system was an express one, as contrasted with the plaintiff's, and many other surmises and conjectures might be made to explain the discrepancy on grounds other than contended for by plaintiff. My colleague who granted the temporary injunction had before him but affidavits which *prima facie* might support a finding of competition. The full

proof, however, adduced upon the trial has disposed of that inference in a different light, and I decide that the plaintiff has failed to prove sufficient grounds for an order of this court making permanent the temporary injunction heretofore issued.

My judgment is that the temporary injunction should be vacated and final judgment granted to the defendant dismissing the complaint, with costs. Settle findings and judgment on notice.