THE FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Plaintiff, *v.* COMPREHENSIVE OMNIBUS CORPORATION, Defendant.[*]

Supreme Court, New York County, May 3, 1935.

*Alfred T. Davison*, for the plaintiff.

*Jacob I. Goodstein*, for the defendant.

MILLER, J. The defendant possesses a franchise to operate buses along Forty-ninth and Fiftieth streets from the east side to the west side. Pending the formal requirements preliminary to

---

[*] Affd., 245 App. Div. 711.

obtaining a franchise, the board of estimate and apportionment of the city of New York has issued to the defendant a permit to extend the operation of its buses to the West Forty-second Street Ferry, along Eleventh and Twelfth avenues. The plaintiff operates a street surface railway, under a lawful franchise, whereby, through the Third Avenue Railway System, of which it is a part, it transports passengers to the same ferry terminal from Forty-ninth street and Tenth avenue. The injunction is sought on the ground that defendant has failed to obtain a franchise as required by the Transportation Corporations Law and the Greater New York Charter. Defendant challenges plaintiff's right to maintain this action, on the ground that it is not a taxpayer's action. This objection must be overruled in view of a line of decisions culminating in *Bee Line, Inc.*, v. *LaGuardia* (244 App. Div. 151). In that case, *Huff* v. *City of New York* (202 App. Div. 425) is cited with approval. Bearing upon plaintiff's right to maintain this action we have the following observation in *Huff* v. *City of New York* (at p. 427): " The action may be maintained by a common carrier of passengers with whom the bus lines come in competition, or by a taxpayer for an injunction to restrain an illegal official act * * *, or by any citizen and resident of the city to secure the abatement of a nuisance in the public streets. (*People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390.) " Referring to the right of a competitor under the Transportation Corporations Law to bring the action, the *Bee Line Case* (*supra*) holds: " Irrespective of the provisions of section 51, General Municipal Law, which are not exclusive, such an interest creates a status sufficient to raise the question of illegality."

As to the question of illegality, it is not a defense that the extension complained of is a public convenience and supplies a public necessity. The existence of an " emergency " will not excuse the operation under a temporary permit in disregard of the provisions of the charter and the Transportation Corporations Law. (*Brooklyn City Railroad Co.* v. *Whalen*, 191 App. Div. 737; affd., 229 N. Y. 570). In *Kingsbridge Railway Co.* v. *City of New York* (204 App. Div. 369 [First Dept.]) a temporary injunction was granted at the behest of a street railway company against a competing bus line which was operating under a temporary " emergency " permit. The court quoted the *Huff* case in the following language, which is decisive here: " If there is public need for a bus line on the route selected, one may be easily and legally established. The board of estimate and apportionment can grant a franchise in which the rights of the city and the public may be safeguarded, and the Public Service Commission or the Transit Commission will presumably act in furtherance of the public welfare. An

880

attempt to establish the line by illegal methods can result only in failure and the loss to the public of the facilities which might have been secured by regular and legal procedure."

Defendant also argues that the bus operation complained of is but a short extension of an existing line operating under a lawful franchise, and that the plaintiff is not adversely affected thereby. The plaintiff has shown probability of material damage arising from defendant's unlawful invasion of its Forty-second street terminal point, sufficient to entitle it to an injunction. (*N. Y., O. & W. Ry. Co.* v. *Griffin*, 235 N. Y. 174.)

The motion is granted, with an undertaking by the plaintiff in an amount to be fixed on the settlement of the order.