Order reversed and order assessing tax modified as directed in opinion, with ten dollars costs and disbursements to appellant. Settle order on notice.

---

In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Situated in the Block Bounded by Avenue A and First Avenue, Fifty-ninth and Sixtieth Streets, and in the Block Bounded by First and Second Avenues, Fifty-ninth and Sixtieth Streets, in the Borough of Manhattan, City of New York, etc., for Bridge Purposes.

MARGARET BOWSKY, as Administratrix, etc., of MAX BOW-SKY, Deceased, Appellant; REALTY PROTECTIVE COMPANY, Respondent.

First Department, April 21, 1911.

Attorney and client — contract retaining corporation to prosecute legal proceedings — eminent domain — summary motion to compel Comptroller to issue warrant.

A corporation cannot practice law either directly or indirectly by employing lawyers to practice for it.

An agreement by a landowner employing a corporation to appear in condemnation proceedings and " to furnish such legal and other expert services as it may deem necessary," in consideration of a promise to pay the corporation one-third of the sum allowed on condemnation is illegal, void and unenforcible by the corporation, not only because the corporation is retained to render legal services, but also because it gives to the corporation a portion of the recovery for furnishing expert witnesses.

As such corporation has no interest in the award by virtue of said contract, it is a stranger to a summary motion made by the landowner to compel the comptroller to deliver a warrant for the payment of the award and cannot object to the summary disposition of the matter on motion where the condemnor makes no objection.

DOWLING, J., dissented.

APPEAL by Margaret Bowsky, as administratrix, etc., of Max Bowsky, deceased, from an order of the Supreme Court,

First Department, April, 1911.          [Vol. 144.

·made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of March, 1911, denying the appellant's motion for an order directing the comptroller of the city of New York to deliver a warrant made in payment of an award.

John Delahunty, for the appellant.

Isidor Wels, for the respondent.

MILLER, J.:

The appellant, as administratrix of her husband, Max Bowsky, was awarded the sum of $3,726.50 for certain machinery and fixtures in premises occupied by him as lessee, which were taken by the city in condemnation proceedings. The respondent, the Realty Protective Company, filed with the comptroller a notice of claim to a portion of the award, wherefore the comptroller refused to deliver the warrant in his hands without an order of the court. This appeal is from an order denying a motion made in the condemnation proceedings to require the comptroller to deliver the warrant. The city did not oppose the motion.

Had the city objected to the summary disposition of the matter on motion, the appellant's remedy would doubtless have been limited to an action. It may be that the respondent, the Realty Protective Company, would have some standing to object to the summary disposition of the matter on motion if there was any basis to support its claim of an interest in the fund by virtue of a lien or assignment. As a mere stranger, however, it has no standing to object, and it is necessary, therefore, to determine whether there is any basis for its claim.

Its claim is based upon an instrument, signed by the said Max Bowsky on the 26th of October, 1906, which provides, so far as material, as follows:

"IN RE OPENING BLACKWELL'S ISLAND BRIDGE.

"I do hereby retain and employ the Realty Protective Company to act for me and in my behalf in the conduct of certain proceedings affecting my property, and to furnish such *legal and other expert services as it may deem* necessary in con-

nection with the taking of my property by condemnation proceedings.   *   *   *

"And, in consideration of its services, do hereby promise, assign and agree to pay said Realty Protective Company $33\frac{1}{3}$ per cent of whatever sum shall be allowed or paid for or on account of such taking; said percentage to cover all expenses and disbursements of every nature whatsoever."

It is settled that a corporation cannot practice law either directly or indirectly by employing lawyers to practice for it. (*Matter of Co-operative Law Co.*, 198 N. Y. 479.)  The said respondent disclaims that it is practicing law, but it is impossible to construe said instrument except as a retainer to represent the said Bowsky in legal proceedings and to furnish legal services therein, in consideration of which it was to receive one-third of the recovery.  It was, therefore, illegal upon its face.  Moreover, we think it was illegal for still another reason.  By it the respondent was retained to furnish legal "and other expert services."  The only other expert services which could legitimately have been rendered in the proceeding were services of expert witnesses.  No one would contend that an agreement to pay an expert witness one-third of the recovery was valid.  An agreement to pay a corporation one-third of the recovery for furnishing expert witnesses is no less objectionable.  (See *Lyon* v. *Hussey*, 82 Hun, 15.)

The said respondent filed an affidavit in which it is stated that it employed and paid an attorney to represent the interests of said Max Bowsky; that it employed and paid experts to appraise the property, several of whom testified in the proceedings as to the value of the machinery and fixtures, and that before the appointment of commissioners, it "performed various services before City boards and officers, and conferred with the various City officers having jurisdiction over the initiatory and preliminary steps in the acquisition of the interests to be taken."  It is also asserted that an owner with small interests derived an advantage from placing his matter in its hands that could not be obtained in the hands of a private attorney.  It does not, however, specify the nature of the mysterious services rendered in conferring with city officers or how any legitimate advantage is derived from employing it

instead of a reputable attorney. Certainly, no legitimate services can be rendered before the city determines to acquire the property. Thereafter the question is purely one of appraisement or assessment of damages. The assertion by the respondent of some peculiar and invisible means of enhancing awards is of itself sufficient to show that such an agreement as that relied upon, by which a corporation is retained to furnish legal and other expert services in condemnation proceedings for a percentage of the award, is against the public interest. It is proper, therefore, to treat the said respondent as a mere stranger and, the city not objecting, to direct the comptroller to deliver the warrant. (*Matter of Bensel*, 68 Misc. Rep. 70; 140 App. Div. 944; 201 N. Y. 531.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

INGRAHAM, P. J., McLAUGHLIN and SCOTT, JJ., concurred; DOWLING, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.