INGRAHAM, P. J., McLAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellant. Order to be settled on notice.

---

In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Situated in the Block Bounded by Avenue A and First Avenue, Fifty-ninth and Sixtieth Streets, and in the Block Bounded by First and Second Avenues, Fifty-ninth and Sixtieth Streets, in the Borough of Manhattan, etc.

In the Matter of the Application of JOHN T. MURPHY, Appellant, for an Order Authorizing and Directing the Comptroller of the City of New York to Pay over the Balance of an Award in this Proceeding.

REALTY PROTECTIVE COMPANY, Respondent.

First Department, July 7, 1911.

Eminent domain — compelling payment of award — invalid notice of lien — right of lienor to question jurisdiction of court — corporation — services in procuring award — lien.

An order which denied a motion to vacate an alleged notice of lien filed with the comptroller of the city of New York against an award in condemnation proceedings, on the ground that if the lien were a nullity as claimed there was no need to vacate it, is not a bar to a subsequent application for an order authorizing and directing the comptroller to pay over to the moving party the part of the award which he was holding to satisfy the alleged lien.

In the absence of objection by the city, which alone is entitled to be heard in opposition, the court may grant an order directing the comptroller to pay over the award and the alleged lienor cannot raise the question that the power of the court ceased when it confirmed the award of the commissioners of assessment.

A contract between one whose property has been taken in condemnation proceedings and a corporation, whereby the latter was authorized to proceed in the matter of the owner's claim for damages for which it was to be paid a proportion of the award, does not entitle the corporation to a lien on the award.

DOWLING, J., dissented.

APPEAL by the petitioner, John T. Murphy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1911, denying the petitioner's motion for an order authorizing and directing the comptroller of the city of New York to pay over to him the balance of an award in condemnation proceedings.

*Lorenzo D. Armstrong* of counsel [*Garvan & Armstrong,* attorneys], for the appellant.

*Isidor Wels* of counsel [*Moss, Laimbeer, Marcus & Wels,* attorneys], for the respondent.

CLARKE, J.:

The moving affidavit avers that prior to February 1, 1907, William H. Murphy was seized in fee of 316 East Sixtieth street taken by the city in condemnation proceedings; that an award was made of $27,000 for the property, title whereof vested in the city February 1, 1907; that the report was confirmed and that the city is indebted to William H. Murphy as said owner of such lands in the sum of $27,000 with legal interest from February 1, 1907, to the date of payment; that on February 14, 1911, the comptroller gave notice of the readiness and desire of the city to pay and that the amount thereof was $33,538.50; that on February 16, 1911, an alleged notice of lien was filed in the office of the comptroller by the Realty Protective Company; that thereafter on April 3, 1911, the comptroller paid the said William H. Murphy $30,632.32, but retained on account of the filing of said alleged notice of lien $2,906.18, which now remains in his hands; that deponent had been informed by James N. Butterly, president of the Realty Protective Company, that the aforesaid alleged claim of lien against the said award is based on a certain contract in writing between William H. Murphy and the Realty Protective

Company, a copy of which is attached; that the said company has no interest in, assignment of or lien upon any portion of said award; upon information and belief, the said Realty Protective Company was and is now a corporation organized and existing under the laws of New York and that the said corporation is and has been attempting to practice law and to act as attorney and counselor at law in actions pending in the Supreme Court; that on or about the 4th of April, 1911, said William H. Murphy for good and valuable consideration duly assigned to John T. Murphy, the applicant, by instrument in writing all his interest to the aforesaid $2,906.18 and said assignment is now on file in the office of the comptroller.

The contract alluded to, upon which the realty company claims, is as follows:

"NEW YORK, *Feb'y* 8, 1907.

"THE REALTY PROTECTIVE COMPANY:

"You are hereby authorized to proceed in the matter of my claim for damages by reason of the opening of the approaches to the Blackwell's Island Bridge, as the same affects my premises No. 316 East 60th Street; and in consideration of your services I hereby agree to pay you a sum equal to fifty per cent of any excess of award made to me over and above the sum of Thirty thousand dollars for the taking of the said premises. Said Thirty thousand dollars out of the moneys to be paid for the taking of the said premises to be saved harmless to me from the aforesaid fees.

"WILLIAM N. MURPHY.

"Accepted,

"REALTY PROTECTIVE COMPANY.

"J. N. BUTTERLY, *Pres't*."

Butterly makes an affidavit in which he denies that the said corporation has been attempting to practice law and to act as attorney and counselor and says: "Pursuant to the agreement made between the parties, the said company employed various real estate and building experts to appraise the property owned by the said William H. Murphy, and the officers and employees of said company also made maps, examined records with reference to the title and other matters, and performed various other services such as a lay person thoroughly familiar with

real estate matters in the city of New York might perform, but in view of the fact that no question is raised here as to the reasonableness of the compensation asked, or as to the legality of the services rendered by the said company or its officers in this particular matter, deponent will not take up the time of the court with an elaborate statement of the services rendered or of the disbursements made, although he is willing to do so at any time. That the said corporation has expended various sums of money in behalf of the said William H. Murphy in this matter and has also paid the attorney who appeared for the said William H. Murphy in the proceedings before the commissioners appointed to appraise the property. * * * Deponent also objects to the granting of this motion upon the following additional grounds: 1. That the court has no jurisdiction to make any order in the premises; its function in this proceeding having terminated when it made its order confirming the awards made by the commissioners. 2. That a similar motion for similar relief has heretofore been denied by this court and no appeal from such order has been taken."

The basis of this second claim is that a motion was made to vacate that alleged notice of lien which the Special Term denied. The court said on this motion: "The order of Mr. Justice GREENBAUM expresses a determination adverse to the petitioner's right to the relief now sought. While that order stands this application cannot be entertained. If the decision recently announced by the Appellate Division in the *Matter of Bowsky* [*Matter of City of New York, Avenue A, etc.*, 144 App. Div. 107] is to be taken as conclusive of the moving party's right to a cancellation of the notice of lien, an application for a rehearing might be addressed to Mr. Justice GREENBAUM, but I cannot review the order made by him upon a litigated motion, and that order expresses the law of the case."

This order should be reversed and the motion granted. Respondent is the same Realty Protective Company whose claims, based upon the filing of a similar paper with the comptroller upon other property taken in this same proceeding, were disposed of adversely to it by this court in *Matter of City of New York, Avenue A, etc.* (144 App. Div. 107).

The relief asked upon the motion at bar was not the same as

that submitted on the prior application to the Special Term. Mr. Justice GREENBAUM decided that if the lien was a nullity, "there seems to be no purpose in asking the court to vacate what in fact does not exist." The present motion treats the lien as a nullity and asks for an order directing the money admittedly due to be paid over by the comptroller to the applicant.

The prior decision was not a bar to this application. As the city, the only party entitled to be heard in opposition, makes no objection, the first ground stated by respondent is without substance.

The alleged notice of lien being invalid and ineffectual, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to the appellant against the respondent the Realty Protective Company.

INGRAHAM, P. J., McLAUGHLIN and SCOTT, JJ., concurred; DOWLING, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs against the Realty Protective Company.