(158 App. Div. 542.)

UNITED STATES TITLE GUARANTY CO. v. BROWN.

(Supreme Court, Appellate Division, Second Department. October 24, 1913.)

1. COURTS (§ 207*)—APPELLATE DIVISION—INJUNCTION—STATUTORY POWER.
   Code Civ. Proc. § 606, providing that, except where otherwise specially prescribed, an injunction order may be granted by the court in which the action is brought, or a judge thereof, was amended by Laws 1913, c. 112, so as to provide that an injunction which might be "modified or vacated" by the Appellate Division might also be granted or continued by it, or a justice thereof, pending appeal to that court or to the Court of Appeals from an order or judgment denying or vacating an injunction. *Held,* that an injunction order which, if granted, might have been modified or vacated by the Appellate Division could be granted or continued by it or a judge thereof pending appeal to it.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 207.*]

2. COURTS (§ 207*)—INJUNCTION—CONTINUANCE PENDING APPEAL—GROUNDS.
   Where, in an action to cancel an agreement by which defendant attorney was to appear in condemnation proceedings against persons with whom plaintiff had contracts relating to such proceedings, the nature of the contracts are not shown by the injunction papers and the allegation of defendant's insolvency is denied, the Appellate Division will not, pending appeal, enjoin defendant from collecting any fees due plaintiff under such contracts.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 207.*]

3. INJUNCTION (§ 175*)—BURDEN OF PROOF.
   In an action to cancel an agreement by which defendant attorney was to appear in condemnation proceedings against persons with whom plaintiff had agreements relative thereto, the burden is on plaintiff to show the right to an injunction restraining defendant, pending appeal, from collecting fees or amounts due plaintiff under such contracts.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 388; Dec. Dig. § 175.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the United States Title Guaranty Company against Arthur A. Brown. On motion by plaintiff for an injunction. Motion denied, and temporary injunction vacated.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Hirsh & Newman, of Brooklyn, for the motion.
Van Zandt & Webb, of New York City, opposed.

BURR, J. Plaintiff brings this action against defendant, an attorney of this court, among other things to cancel an agreement made between the parties by which defendant was to appear in various condemnation proceedings brought by the city of New York against certain persons with whom plaintiff claims to have agreements relative to such proceedings, and an assignment of a portion of the awards which have been or may be made therein, and to compel an accounting by defendant as to all moneys collected by him in such proceedings. At the commencement of the action plaintiff obtained ex parte an order enjoining defendant "from in any manner collecting any of the fees or percentages of the awards due the plaintiff, by reason of its contracts with the owners or claimants, as appears in said complaint, and from exacting or receiving from any of such owners or claimants any sum or sums of money whatsoever for his services heretofore rendered, or that may hereafter be rendered in connection therewith, or from soliciting any retainers of fees from any such owners or claimants or influencing such owner to cancel his contract and from in any manner interfering with plaintiff's said business and from revealing to any person the names of plaintiff's clients." A motion to continue such injunction was after argument denied by the Special Term of this court, and from such order plaintiff has appealed to this Appellate Division. Thereafter, upon application to a justice thereof, an order was granted requiring defendant to show cause before the said Appellate Division why the temporary injunction order should not be continued pending the hearing and decision of the said appeal. Upon the hearing of such motion two questions arise: First, as to the power of this court in the premises; and, second, if the power exists, as to the propriety of its exercise.

[1] Prior to September 1, 1913, the statute regulating the granting of injunction orders pending the trial of an action was as follows:

"Except where it is otherwise specially prescribed by law, an injunction order may be granted by the court in which the action is brought, or by a judge thereof, or by any county judge; and where it is granted by a judge, it may be enforced as the order of the court." Code Civ. Proc. § 606.

Construing a similar provision of the Code of Procedure (section 218), it was held that when the court at Special Term, after argument, had denied an application for a temporary injunction, there was no power in an appellate tribunal to revive and continue that injunction pending an appeal from such order or judgment. Spears v. Mathews, 66 N. Y. 127. In 1913 the section above referred to was amended by adding thereto the following clause:

"An injunction order .which may be modified or vacated by the Appellate Division may also be granted or continued by the Appellate Division, or a justice thereof, pending appeal to that court or to the Court of Appeals from an order or judgment denying or vacating an injunction." Laws of 1913, c. 112.

The language of this amendment is not entirely clear. The first clause thereof, literally construed, would seem to say that, if an injunction order had been granted by the court at Special Term and an appeal had been taken therefrom, the Appellate Division or a justice thereof might continue such restraining order pending such appeal. Such a construction would be absurd. Remembering the difficulty which was to be overcome, we think that we do not transgress the limits of judicial construction if we transpose its clauses, adding thereto two words. It would then read as follows:

"Pending appeal to the Appellate Division or to the Court of Appeals from an order or judgment denying or vacating an injunction, an injunction order which (if granted) may be modified or vacated by the Appellate Division may also be granted or continued by the Appellate Division or a justice thereof."

[2] Assuming, then, the power to exist, we pass to the second question, and in respect to that we are of opinion that the power should not be exercised upon the papers presented to the court at Special Term or to this court. One important question in the case is as to the nature of the agreements between plaintiff and the various property owners with whom it claims to have made contracts. Whether they are of the character condemned in Matter of City of New York (Bowsky v. Realty Protective Co.) 144 App. Div. 107, 128 N. Y. Supp. 999, and in Matter of City of New York (Murphy v. Realty Protective Co.) 146 App. Div. 125, 130 N. Y. Supp. 540, or whether they are legally enforceable in character, is better determined by an inspection of the contracts themselves. As plaintiff's rights must depend upon these contracts, it is important that we should be advised accurately as to their character.

[3] Plaintiff, upon whom rests the burden of establishing its right to this extraordinary provisional remedy, has not seen fit to make these important documents a part of the motion papers. Again, while the insolvency of defendant is alleged as one of the grounds for the injunction order, the only evidence in support thereof consists of certain admissions claimed to have been made by him, the making of which is positively denied. We think, therefore, that, until the case is tried and determined, plaintiff's right to succeed therein is not so clearly established upon the papers before us that we would be justified in granting or continuing the injunction prayed for pending the hearing and decision of the appeal herein.

The motion for such injunction is denied, and the temporary injunction granted in the order to show cause is vacated, with $10 costs. All concur.