(86 Misc. Rep. 287)

### UNITED STATES TITLE GUARANTY CO. v. BROWN.

(Supreme Court, Trial Term, Kings County. July 16, 1914.)

1. ATTORNEY AND CLIENT (§ 4*)—CORPORATION PRACTICING LAW—ILLEGALITY OF CONTRACT—PUBLIC POLICY.

    Plaintiff, a corporation, obtained contracts from property owners, agreeing to take whatever proceedings were necessary to represent the owners to obtain award for the taking and sale of their property by the city of New York for the use of its water supply, and to receive in payment for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its services a percentage of any award to be paid when the compensation became payable to the owner. Plaintiff also agreed to pay all expenses and to be entitled to any allowance made for expenses by the court. Plaintiff thereupon employed defendant, a practicing lawyer, to appear as attorney of record for the various property owners with whom plaintiff had made contracts and conduct the proceedings, defendant to receive for his services whatever allowances were made for counsel fees and costs by the condemnation commissioners, he being required to collect for plaintiff such percentage of the award as its contract with the property own-. ers provided for, and pay all expenses for the preparation for trial, the trial of the proceedings, and the collection of the awards, including expenses for witnesses. Defendant also was required to file with the proper officers a notice of his lien as attorney for the property owners for the amount due for legal services.in connection therewith, and not to cancel the lien until plaintiff's fees were paid. *Held,* that plaintiff's contract, construed in connection with its contract with the property owners, was an attempt on plaintiff's part to practice law in contravention of public policy and in violation of Penal Law (Consol. Laws, c. 40) § 280, prohibiting corporations from practicing law, etc.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 4–9; Dec. Dig. § 4.*]

2. ATTORNEY AND CLIENT (§ 80*)—EMPLOYMENT CONTRACT—ILLEGALITY—FUNDS—RETENTION BY ATTORNEY.

A contract between an attorney and a corporation by which the corporation employed the attorney to act as attorney of record in the prosecution of certain claims which it had obtained and agreed to prosecute for property owners was illegal, and the attorney would not be allowed to retain funds in his hands, received pursuant to his employment, belonging to the corporation, and for which the corporation was bound to account to the property owners, but was required to account therefor.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 143; Dec. Dig. § 80.*]

Action by the United States Title Guaranty Company against Arthur A. Brown. Judgment for plaintiff for an accounting.

See, also, 160 App. Div. 591, 145 N. Y. Supp. 1014.

The action is for an accounting.

The plaintiff, a corporation, prior to the year 1910, entered into more than 350 contracts with various owners of real property situated in the counties of Greene, Ulster, Schoharie, and Delaware, "wherein and whereby this plaintiff agreed with the said owners to take whatever proceedings are necessary to represent the said owners, for the purpose of obtaining an award or compensation for the taking or sale of said property, or any part thereof, and acquired or to be acquired by the city of New York for the use of its water supply, and agreed with the said owners to receive in payment of such service a percentage of any award or compensation, or of any consideration obtained for said property, which said fee was to be paid when the compensation became payable to the owner. The plaintiff herein agreed to pay all necessary expenses in the prosecution of said claim, but to become entitled to any allowance made for said expenses by the court.

On July 22, 1910, the plaintiff entered into an agreement in writing with the defendant, whereby it employed him to appear as attorney of record for the various property owners with whom the plaintiff had made contracts to take whatever proceedings were necessary in their behalf to obtain an award or compensation for the taking of their property by the city of New York. By the terms of this contract the defendant was to receive for his services whatever allowances were made for counsel fees and costs by the condemnation commissioners and the defendant was required to collect for the plaintiff such percentage of the award as its contract with the property owners pro-

vided for, and further required that the defendant pay all the expenses proper and necessary for the preparation for trial, the trial of said proceedings and the collection of awards, and including expenses for witnesses. The defendant was also required to file with the proper officers a notice of his lien as attorney for the property owners for the amount due for legal services in connection therewith and not to cancel said lien until the plaintiff company's fees were paid.

Differences having arisen between the parties, this action was brought. The .defense was that the contracts were illegal and void at the common law and were in violation of the Penal Law (section 280).

Hirsh & Newman, of Brooklyn, for plaintiff.
Van Zandt & Webb, of New York City, for defendant.

KELLY, J. [1] It is impossible to read the agreement between the plaintiff and defendant in connection with the agreements of the plaintiff with the property owner without reaching the conclusion that the plaintiff corporation endeavored to practice law in contravention of public policy and also the prohibition of section 280 of the Penal Law in force at the time the contracts were made. Matter of Co-operative Law Co., 198 N. Y. 479, 92 N. E. 15, 32 L. R. A. (N. S.) 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879; Matter of City of N. Y., Bowsky, 144 App. Div. 107, 128 N. Y. Supp. 999; Matter of City of N. Y., Murphy, 146 App. Div. 125, 130 N. Y. Supp. 540. If there were any doubt as to what the agreements meant, it is removed by the plaintiff's own construction of its rights under the contract with defendant as set forth in the complaint and in its application for a temporary injunction in this action. U. S. Guaranty Co. v. Brown, 158 App. Div. 542, 143 N. Y. Supp. 835. Much might be written upon the subject, but it is unnecessary.

The profession of the law, one of the oldest known to civilization, involving the most sacred confidence between man and man, with its past of high ideals and service to humanity, has in the last quarter of a century suffered much from the inroads of the new financial and business methods in this great land of ours. Whether by ill-advised attempts by corporate employers to dominate and direct attorneys and counsel in the conduct of litigation, whether by so-called title companies or casualty insurance corporations, the old ideals in the relation of attorney and client, which meant so much to mankind, have suffered and have been threatened with demoralization. This is wrong. The loss of the individual personal relation involved in the attempt by corporations to practice law is so serious to the community that it is against public policy, and I am inclined to think malum in se, but at any rate, there is no question that in this state it is unlawful by force of the statute. The agreement of the plaintiff and defendant and the plaintiff's agreements with the property owners seem to me to be flagrant violation of the law, and before a court of equity no skillfully framed wording of a corporate charter can be allowed to cover the wrong or to make them legal.

[2] But while it may be argued that the parties are in pari delicto, and that therefore a court of equity will not trouble itself with their disputes, I cannot feel that the defendant, an attorney of the court, should be allowed to retain in his possession moneys concededly be-

longing to the plaintiff.   Irwin v. Curie, 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830; Bernhard v. Fromme, 132 App. Div. 922, 116 N. Y. Supp. 807; Duval v. Wellman, 124 N. Y. 156, 26 N. E. 343.   It appears from the contract between plaintiff and defendant that the plaintiff advanced a substantial sum of money for witness fee and expenses, which defendant promised to return when collected from the city under .the final order.   And therefore it would be contrary to good conscience for the court to allow one of its attorneys to retain this money, and the defendant must account for it and pay it back.   I have had more trouble with the plaintiff's claim that defendant had collected and has in his possession money which belongs to plaintiff as its percentage under its agreement with the property owners.   I think these agreements with the property owners are void, but I do not see how that justifies defendant in retaining the money. It does not belong to him.   The property owners, so far as appears, have not demanded its return by defendant; they voluntarily paid it, or offered no objection to his collecting it.   His own fees and compensation are fixed by his agreement with plaintiff, which, although it may be void, still furnishes us with a basis for determining the quantum meruit.   It is what he was willing to take for his services. It seems to me he should also pay that money to the plaintiff, if such payment can be made so as to protect him from demand by the property owners.   I do not know that they could assert any claim against defendant.   As to this branch of the case I would be glad to hear counsel further or receive suggestions from them as to the. appropriate findings and judgment.

But as to the agreements between plaintiff and the property owners and the defendant, they are unlawful.   Unlawful as to defendant, and he repudiates them.   Unlawful on the part of the plaintiff and the property owners, but subject to the right of the property owners to call the plaintiff to account, because the prohibition of the statute is not against the individual who unwittingly employed it.

There should be judgment for the plaintiff for an accounting in accordance with these suggestions, without costs.   Additional findings or requests to find may be necessary or desired by either party, and, if so, I would ask that they be submitted with as little delay as possible.   The decree to be settled upon notice.