WILLIAM R. GARRISON, Respondent, *v.* THE PARAMOUNT BUS CORPORATION, Appellant.

Third Department, March 15, 1928.

**Motor vehicles — motor buses — action to restrain defendant from operating motor bus over plaintiff's route in Ulster county — defendant operates line from New York city through New Jersey and into New York — certificate of convenience and necessity under Transportation Corporations Law, §§ 65–67, and Public Service Commission Law, § 53, not required for defendant — defendant engaged in interstate commerce — injunction pendente lite denied.**

The plaintiff operates a motor bus line over country roads in Ulster county and seeks to restrain the defendant, which operates a motor bus line from New York city through New Jersey and into New York State, from passing over plaintiff's route.

An injunction *pendente lite* is denied, since it does not appear that any town or village through which defendant's motor buses pass has taken action under section 67 of the Transportation Corporations Law so as to require the defendant to procure a certificate of convenience and necessity, or the consent of local authorities, under sections 65–67 of the Transportation Corporations Law and section 53 of the Public Service Commission Law.

Furthermore, it is apparent that the defendant is engaged in interstate commerce and if it is so engaged the State statutes do not affect it and the plaintiff cannot restrain the defendant from operating its motor bus line.

There is nothing to show that the plaintiff will suffer material injury or loss if the defendant is not restrained pending the trial, and for this reason and those stated above an injunction *pendente lite* is denied.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 22d day of September, 1927.

*William D. Cunningham,* for the appellant.

VAN KIRK, P. J. The plaintiff is operating a motor bus line on the highways between certain villages and through certain towns in Ulster county, N. Y. The defendant is operating a motor bus line from a terminal in New York city through that city, across the Hudson river by ferry, thence through the State of New Jersey and again into the State of New York and on highways in Ulster county over which is the plaintiff's route. This action is brought to restrain defendant from operating its buses and carrying passengers over that route in Ulster county. The order appealed from is a restraining order during the pendency of the action. It was granted upon a complaint and affidavits. Neither in the complaint, nor in an affidavit, is it charged that defendant has received and discharged any passenger within the limits of plaintiff's line. It is charged that defendant has taken passengers from within those limits and carried them to New York city; also it has brought passengers from New York city to points within those limits. The fact is that the defendant carries passengers between New York city and Ulster county, part of its line being through the State of New Jersey.

The plaintiff has a franchise to operate his bus line over certain highways in Ulster county, granted by the Public Service Commission of the State. The defendant has not such a franchise. The position of the defendant is that it is engaged in interstate commerce and the right to carry it on is in the field of Federal, not State control.

The case was submitted without argument and the respondent has filed no brief. We are informed in the recitals in the injunction order that the defendant has failed to secure a certificate of convenience and necessity from the Public Service Commission of the State of New York and has failed to secure the consents of the various towns within the county of Ulster and State of New York in and through which it operates its bus line. We suppose these are the grounds for the order.

The order restrains the defendant from operating an auto bus

line or auto buses "in connection with other buses and motor vehicles in connection with or as a part of a motor, stage or auto bus line upon the following route: [here describing plaintiff's route] and from taking, receiving and discharging passengers from any bus, vehicle, stage or motor vehicle run and operated in connection with or as a part of any stage route or bus line of the defendant." Thus the order absolutely forbids the defendant to operate any autobus to carry passengers; it is a complete restraining order; it stops its activity in interstate commerce. It is not confined to restraining defendant from carrying passengers in competition with plaintiff's buses.

We presume that this restraining order was granted under sections 65, 66 and 67 (formerly sections 25 and 26)* of the Transportation Corporations Law (as amd. by Laws of 1926, chap. 762) and section 53 of the Public Service Commission Law (as amd. by Laws of 1921, chap. 134). Sections 65 and 66 require a person or corporation owning or operating a motor bus route upon any street in a city to obtain a certificate of convenience and necessity for the operation thereof and declares such person or corporation to be a "common carrier." Section 67 makes section 66 apply to towns and villages when a resolution has been passed to that effect by the local authorities and thereafter the consent of the local authorities in such towns and villages and a certificate of convenience and necessity must be procured before such bus line may be operated. We have here no question in respect to payment of registration fees or to proper regulations for conserving the highways, or for promoting the public safety. (See *Michigan Commission* v. *Duke,* 266 U. S. 570.)

We do not think this order should have been granted.

*First,* there is no direct allegation that the local authorities in any town or village through which the route runs have passed the required resolution (§ 67, *supra*) and thus it does not appear that defendant must have a certificate of convenience and necessity, or the consent of local authorities, before it can lawfully operate its buses.

*Second,* we do not think the State statutes above cited were intended to apply to a person or corporation engaged in interstate commerce. On the record here the defendant is apparently engaged in interstate commerce. Although its route begins and ends in New York State, it passes out of the State of New York, continues through the State of New Jersey and returns to the State of New York. (*Western Union Telegraph Co.* v. *Speight,* 254 U. S. 17, 18.)

* Added by Laws of 1913, chap. 495, and Laws of 1915, chap. 667, as amd. by Laws of 1915, chap. 667, and Laws of 1919, chap. 307.— [REP.

If so, it is operating and doing business within the field of Federal control and authority. If these statutes of the State were intended to restrain the operation of defendant's line, they would have "invaded a field reserved by the commerce clause for Federal regulation." (*Bush Co.* v. *Maloy*, 267 U. S. 317, 325; *Buck* v. *Kuykendall*, Id. 307; *Michigan Commission* v. *Duke, supra.*) This question, however, we leave for the trial when the record is complete. (See the dissenting opinion in the *Buck* and *Bush Co. Cases, supra*, 325.)

*Third*, we find nothing in the record showing that plaintiff will suffer material injury or loss if defendant be not restrained pending the trial.

The order should be reversed, with ten dollars costs.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.