PINE HILL-KINGSTON BUS CORPORATION, Respondent, *v.* F. ALLEN DAVIS, Appellant, Impleaded with CATSKILL MOUNTAIN LINES, etc., Defendant.

Third Department, January 16, 1929.

Cunningham & Kaercher [*William D. Cunningham* and *William A. Kaercher* of counsel], for the appellant.

*John W. Eckert,* for the respondent.

HILL, J. Because of an alleged violation by defendant of section 66 of the Transportation Corporations Law, an order has been made restraining him *pendente lite* from operating motor vehicles carrying passengers, baggage or express over certain highways through the city of Kingston to Margaretville, Delaware county. Plaintiff is operating buses over the same highway, under a certificate of convenience and necessity. Defendant operated a bus line from a point on Broadway, New York city, through Forty-second street to the Hudson river, crossing by ferry into New Jersey, and after proceeding in that State about forty miles, returned into New York State in the vicinity of Tuxedo, continuing to Kingston and from that point over the route for which plaintiff has a certificate. He contends that being engaged in interstate commerce, no certificate of convenience and necessity is required.

Plaintiff is not entitled to this injunction unless the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, an injunction should not be granted. The burden of establishing the undisputed right is upon the plaintiff. (*U. S. Title Guaranty Co.* v. *Brown,* 158 App. Div. 542; *Maxwell Co.* v. *Cusack Co.,* 200 id. 610.)

Defendant is engaged in interstate commerce. (*Garrison* v. *Paramount Bus Corporation,* 223 App. Div. 75; *Western Union Telegraph Co.* v. *Speight,* 254 U. S. 17; *Interstate Busses Corporation* v. *Holyoke Street Railway Co.,* 273 id. 45.) A common carrier passing through a foreign State *en route* between termini in the originating State, is engaged in interstate commerce, unless the route is unreasonable (*Western Union Telegraph Co.* v. *Speight, supra*) or a subterfuge for the purpose of taking advantage of Federal statutes. (*Inter-City Coach Co.* v. *Atwood,* 21 F. [2d] 83.) The cogent reasoning of defendant is that his route is reasonable and is not a subterfuge, because passengers are obtained in New

Jersey, and the highways are less congested with traffic than those on the easterly side of the Hudson river.

The courts of the State of New York have no jurisdiction to exercise control over interstate commerce. (*Buck* v. *Kuykendall*, 267 U. S. 307; *Bush Co.* v. *Maloy*, Id. 317.)

An order restraining defendant from carrying passengers between intrastate points on plaintiff's route would have been proper, but it was beyond the power of the court to restrain him from operating his buses or from accepting or discharging interstate passengers. (*Buck* v. *Kuykendall, supra; Bush Co.* v. *Maloy, supra; Interstate Busses Corporation* v. *Holyoke Street Railway Co., supra.*)

The order should be reversed upon the law, with costs.

VAN KIRK, P. J., DAVIS and WHITMYER, JJ., concur; HINMAN, J., dissents on the ground that the defendant has failed to meet the burden of showing it is engaged in *bona fide* interstate commerce, and on the authority of *Interstate Busses Corporation* v. *Holyoke Street Railway Co.* (273 U. S. 45) and *Inter-City Coach Co.* v. *Atwood* (21 F. [2d] 83).

Order reversed, on the law, with ten dollars costs and disbursements.