TOWN OF KIANTONE and Another, Appellants, *v.* WEST RIDGE TRANSPORTATION CO., INC., Respondent.*

Fourth Department, May 13, 1931.

*Revg. 138 Misc. 692.

*John E. Durkin* and *Robert H. Jackson,* for the appellants.

*Frank H. Mott,* for the respondent.

SEARS, P. J. The town of Kiantone is in Chautauqua county and adjoins the city of Jamestown on the south of the city. The defendant is operating through the town of Kiantone two lines of motor omnibuses for the carriage of passengers, one an interstate line from Jamestown to Warren in the State of Pennsylvania, and one an intrastate line, from Jamestown to the hamlet of Frewsburg in the town of Carroll. The town of Carroll lies immediately east of the town of Kiantone. The defendant takes no intrastate passengers on either of its lines from or to the town of Kiantone. The town board of the town of Kiantone has adopted a resolution, in accordance with the terms of section 67 of the Transportation Corporations Law (as amd. by Laws of 1926, chap. 762), providing that the requirements of that statute in relation to consents for the operation of stage, omnibus and motor vehicle lines or routes shall apply to such town. For the lawful operation of an intrastate omnibus line in the town of Kiantone a consent by the town board of Kiantone and a certificate of public convenience and necessity from the Public Service Commission thus became prerequisite. The defendant has not obtained the consent of the town board of the town of Kiantone for the operation of its lines. It has not obtained a certificate of public convenience and necessity from the Public Service Commission. Such a certificate cannot be given by the Public Service Commission unless the consent of the town board is first obtained. (Transp. Corp. Law, § 67; *Matter of City of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *Garrison* v. *Paramount Bus Corporation,* 223 App. Div. 75.)

The plaintiff Jamestown Motor Bus Transportation Co., Inc., operates omnibus lines in the city of Jamestown and in the town of Kiantone and has received the town's consent and the certificate of public convenience and necessity from the Public Service Commission therefor.

In this action the plaintiffs seek to enjoin the operation of defendant's intrastate omnibus line through the town of Kiantone.

That the defendant is operating its intrastate omnibus line illegally seems entirely clear. (Transp. Corp. Law, § 67.) The sole question presented upon the argument relates to the right of the plaintiffs to maintain this action for an injunction.

It was conceded upon the argument that, inasmuch as the defendant took no intrastate passengers from or to Kiantone, it was not competing with the plaintiff Jamestown Motor Bus Transportation Co., Inc., and that company, therefore, suffered no special injury from the operation of the defendant's omnibus line. Under such circumstances, the Jamestown Motor Bus Transportation Co., Inc., has no standing to demand injunctive relief. (*N. Y., O. & W. R. Co.* v. *Griffin,* 235 N. Y. 174; *Coley* v. *Campbell,* 126 Misc. 869; *Empire City Subway Co.* v. *B. & S. A. R. R. Co.,* 87 Hun, 279; affd., 159 N. Y. 555.) Plaintiff, the town of Kiantone, however, is in a different position. It is a municipal corporation in whose territory the defendant is operating a line of omnibuses in conceded violation of the statute. Its town board is designated by the statute as the public authority whose consent is a prerequisite to operation. In the very section of the Transportation Corporations Law giving to the town board the power to grant or withhold the necessary consent for such operation the prohibition of operation without such consent is contained. (Transp. Corp. Law, § 67.) Under these circumstances, the power of the town to restrain the illegal operation seems implicit in the power to deny legality to such operation. The case in this respect closely resembles *Commissioners of Palisades Interstate Park* v. *Lent* (240 N. Y. 1). The fact that the defendant's omnibus line is being operated over State and county highways we consider immaterial. The illegal act consists in operating the line in, upon or along a highway in the town.

The case was presented at the Special Term in a peculiar way. The plaintiffs made a motion for an injunction *pendente lite* upon affidavits. The defendant read affidavits in opposition. The facts above stated appear without dispute in the affidavits and in large part in the pleadings. Upon the argument of the motion it was stipulated that, in addition to determining the motion, judgment should be entered upon the merits upon the pleadings and

affidavits. The justice at Special Term wrote an opinion favoring a denial of the motion and a dismissal of the complaint, and an order was made and entered to this effect. No formal decision with findings and conclusions was prepared or signed, but judgment was entered upon the order dismissing the complaint. An examination of the pleadings discloses no issue of fact requiring a decision on the facts. The plaintiff town of Kiantone was entitled to judgment upon the pleadings. Upon the argument in this court it was substantially conceded by the counsel for the plaintiffs that the plaintiff Jamestown Motor Bus Transportation Co., Inc., was not entitled to injunctive relief. As to the town of Kiantone, findings of fact were not necessary.

The judgment should, therefore, be reversed on the law, without costs, in so far as it dismisses the complaint in respect to the plaintiff town of Kiantone, and judgment granted in favor of the town of Kiantone and against the defendant enjoining and restraining the defendant from operating intrastate omnibuses in or through the town of Kiantone, without costs, and the judgment should otherwise be affirmed, without costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law in so far as it dismisses the complaint in respect to the plaintiff town of Kiantone, and judgment granted in favor of the town of Kiantone and against the defendant, enjoining and restraining the defendant from operating intrastate omnibuses in and through the town of Kiantone, without costs, and otherwise judgment affirmed, without costs of this appeal to either party.