CITY OF BUFFALO, Plaintiff, v. INTERNATIONAL BUS CORPORATION, Defendant.

Supreme Court, Erie County, September 10, 1932.

Charles L. Feldman, Corporation Counsel [Jeremiah J. Hurley of counsel], for the plaintiff.

Franchot, Runals, Cohen, Taylor & Rickert [Edward E. Franchot of counsel], for the defendant.

HORTON, J.   This action is brought to enjoin the International Bus Corporation from carrying passengers for hire in certain parts of the city of Buffalo, including Kenmore avenue between Colvin boulevard and Delaware avenue, and Delaware avenue between Amherst street and Chapin parkway, except such vehicles as are operated pursuant to consents granted by the city. It is conceded that the city has given its formal consent to the operation of the buses of the defendant for all parts of its route except upon the parts of Kenmore avenue and Delaware avenue above mentioned, and by

agreement of counsel the right of defendant to operate upon the part of Delaware avenue above referred to is not to be passed upon in this action. The chief controversy here is due to the operation of the buses upon Kenmore avenue, which is a street running east and west, the southerly half of which is within the limits of the city of Buffalo, while the northerly half is a part of the village of Kenmore. It was laid out as a town line highway. No agreement has ever been entered into between the city of Buffalo and the town of Tonawanda or between the city of Buffalo and the village of Kenmore for the care, maintenance and repair of the street. The International Bus Corporation obtained from the village of Kenmore permission to operate its buses upon the northerly half of the street, the part within the limits of that village, and has attempted in the operation of its buses to keep at all times within that portion of the street, although that involved the driving of its buses easterly upon the left side of the street. At times, however, in making the turn southerly into Delaware avenue at Kenmore avenue, and *vice versa*, the rear wheel of the bus passes over a small triangle of the Kenmore avenue pavement on the Buffalo side and occasionally, in an emergency, a bus may be driven for a very short distance partly south of the center line of the street and to that extent upon the Buffalo side thereof.

The plaintiff contends that on account of its location Kenmore avenue is subject to the control both of the city of Buffalo and the village of Kenmore as to the entire width of the street and that, therefore, the defendant cannot legally operate its buses even on the part of the street outside of the city limits without first obtaining its consent. If the city were granted such control of the part of the street beyond its limits in this case, there is no reason why it should not also apply and enforce upon the northerly half of Kenmore avenue in the same manner all of its ordinances as to the use of streets, such as that giving the mayor the right to close a street temporarily when necessary (Ordinances of City of Buffalo, chap. IV, § 1, subd. 5); or that prohibiting the hauling of excavating material through the street except with permit from the street commissioner upon payment of one dollar therefor (Ordinances of City of Buffalo, chap. IV, § 5-a); or the prohibition against erection of signs within the street limits upon the Kenmore side without permission from the licensing authorities of Buffalo (Ordinances of City of Buffalo, chap. IV, § 32); as well as many others, such as that prohibiting any person without permission of the mayor from playing upon a hand organ or hurdygurdy, or taking part in any procession where such instrument shall be played (Ordinances of City of Buffalo, chap. IX, § 15). In other words,

the city of Buffalo would be enforcing its ordinances in the village of Kenmore. The court believes that the authority of a municipality cannot thus be given extraterritorial effect and that nothing in the statutes as to joint maintenance and repair of the highway (Highway Law, §§ 204–207; Village Law, § 160) can be construed as extending such authority. The village of Kenmore might almost as logically contend that the permission granted by it to the defendant to operate in Kenmore avenue is conclusive as against the city of Buffalo in this case.

So far as trespass by these buses upon the part of Kenmore avenue in which they have not the consent of the city of Buffalo to travel is concerned, the court believes that the defendant has in good faith tried to operate its buses in strict accord with the provisions of the consents given, and that where turns have been made at the corner into Buffalo territory or where the buses have been driven a trifle south of the center line of the street, it has been in the interest of the traveling public in reducing to a minimum the delays that would otherwise be attendant upon the operation of the buses. In spite of this, under the strict letter of the law, the city of Buffalo is entitled to an injunction against operation of the buses upon the part of Kenmore avenue within the city limits. (Transp. Corp. Law, §§ 66, 67, as amd. by Laws of 1926, chap. 762; *Town of Kiantone* v. *West Ridge Transp. Co., Inc.*, 232 App. Div. 394.) The court feels bound to say, however, that if the city should later seek to enforce this injunction by contempt proceedings or otherwise, the trivial nature of the infringement upon the city's rights must necessarily be considered and the maxim *de minimis non curat lex* might very well be applied if the facts disclosed in such enforcement proceedings are substantially the same as those before the court at this time.

The fact that the operation of the buses easterly in Kenmore avenue to the left of the center line of the pavement is in violation of the Vehicle and Traffic Law is not in issue here. Any one who objects to this may invoke his remedy under the statutes of the State.

Judgment may be entered, without costs, granting an injunction in favor of the plaintiff against the defendant operating buses upon Kenmore avenue within the limits of the city of Buffalo.