Louis B. Heller, J.
Plaintiff seeks a temporary injunction to restrain a former employee and others from using informa *1012 tion, allegedly secret, acquired by defendant Eapp while he was employed by plaintiff, to induce customers of the plaintiff to purchase their products from the corporate defendant rather than from plaintiff.
Between 1954 and December 14, 1961 Eapp was employed by Harmosa Oil Corp. and its successor, plaintiff herein, as a salesman. Besides performing the ordinary duties of a salesman, it is alleged that Eapp negotiated with customers for such things as contracts, leases, mortgage loans and dealer loans, as a result of which he acquired knowledge of the ‘ ‘ confidential and highly secretive ” dealings between plaintiff and its customers; that this information, together with similar information acquired by other salesmen of plaintiff, is indexed and is available to all of plaintiff’s salesmen; that the index shows, with respect to the customer, the date of pending contracts, commissions, sales allowances and other facts necessary in negotiating and completing a contract in the light of competition by others. It is further alleged that when Eapp left the employ of plaintiff he sent to all the Harmosa customers, which were taken over by the plaintiff, announcement cards which stated that Eapp “ formerly with Gulf Oil Corp. and Harmosa Oil Corp.,” has become associated with the corporate defendant, distributors of Texaco petroleum products; that Eapp has been visiting the Harmosa customers, concentrating especially upon those whose contracts or leases were about to expire and, knowing of the arrangements between the plaintiff and the customers, immediately offered the customers special inducements to purchase from defendant corportion; that if Eapp did not know what the arrangements were between plaintiff and the customers he would be in the position of any other competitor and would not know where to start or what to do; that by reason of Eapp’s actions plaintiff has now lost one of its customers.
Defendant Eapp does not deny the solicitation of plaintiff’s customers. He asserts, however, that he is merely applying the experience that he has gained over the years as a salesman and that the information concerning the dealings between plaintiff and its customers are not ‘ ‘ confidential and highly secretive. ’ ’
Even in the absence of any restrictive covenant to keep secret confidential information acquired in the course of employment, an employee even after his employment is duty-bound to refrain from the exploitation of such information (Friedman v. Stewarts Credit Corp., 26 N. Y. S. 2d 529, affd. 261 App. Div. 990, motion for leave to appeal denied 262 App. Div. 746). However, in the absence of a breach of an express contract or a breach of a fiduciary duty or fraud, a former employee may compete with *1013 Ms previous employer, utilizing the experience, competency and efficiency acquired in said employment (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312). It is thus the secrets of the trade vis-a-vis the slrill thereof that the employee may not thereafter utilize to the detriment of his former employer.
Plaintiff concedes that Bapp could not be enjoined from working as a salesman of petroleum products for any of its competitors and further concedes that the names and addresses of its customers are not a trade secret. It asserts, however, that the intimate financial arrangements between it and its customers are confidential — confidential in that if competing firms knew the details thereof they could appraise what inducements they can offer to plaintiff’s customers to do business with them rather than with the plaintiff. It is because of this knowledge by Bapp, plaintiff urges, that he should be enjoined from soliciting plaintiff’s customers.
A party is not entitled to an injunction unless the right is plain from the undisputed facts. The burden of establishing the clear right to the drastic relief of a temporary injunction is upon the plaintiff (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905); Parke Terrace Caterers v. McDonough, 9 A D 2d 113). The plaintiff does not establish upon the papers submitted upon this motion that the information utilized by the defendant was secret or confidential. Accordingly, the motion is denied.
Settle order on notice providing for trial for the May 1962 Term of this court and further providing that all preliminary proceedings shall be completed by April 25, 1962.