■ NEW YORK WORLD'S FAIR 1964–1965 CORPORATION, Respondent, v. COLOURPICTURE PUBLISHERS, INC., et al., Appellants.— In an action to permanently restrain defendants from manufacturing and selling post cards, albums and allied items containing photographs and other reproductions of the buildings, exhibits, and any other activity of the New York World's Fair 1964–1965 Corporation, the defendants appeal from an order of the Supreme Court, Queens County, entered June 11, 1964 upon the decision of the court, which granted in part plaintiff's motion for an injunction *pendente lite* on the condition that plaintiff file an undertaking for $50,000, with corporate surety, to pay all damages and costs which may be awarded in the action. Order affirmed, without costs. We take judicial notice that the New York World's Fair is universally acclaimed as one of the world's greatest shows in 1964–1965. In our opinion, a photograph of a unique building, structure or object situated within the World's Fair grounds, to which an admission fee is charged, is a photograph of a show in which plaintiff has a property right. Therefore, defendants may not photograph that building, structure, or object without the plaintiff's permission. (*Metropolitan Opera Assn.* v. *Wagner-Nichols Recorder Corp.,* 199 Misc. 786, affd. 279 App. Div. 632; see, also, 279 App. Div. 646, mot. for lv. to app. den. 279 App. Div. 790.) Between March, 1961 and February, 1962 one of the defendants had submitted a bid for the exclusive right to sell picture post cards of the World's Fair and its buildings, structures, and objects,

both on and outside the premises of the World's Fair, and to pay a royalty therefor. Such defendant's bid was not accepted, however. Thereafter, on April 13, 1962 plaintiff granted to a third party an exclusive license agreement to take and sell post card pictures of the World's Fair and its buildings, structures, and objects, for which the third party paid and will continue to pay a royalty. Under these circumstances, the defendants should not be permitted to exercise without payment a right for which one of them had bid and lost. Beldock, P. J., Ughetta and Kleinfeld, JJ., concur; Hill and Rabin, JJ., dissent and vote to reverse the order insofar as it grants the plaintiff's motion for an injunction *pendente lite,* and to deny the motion *in toto,* with the following memorandum: The principal question here presented is whether the issuance of a temporary injunction was warranted by the facts disclosed on the motion. It is now settled beyond dispute that the drastic remedy of a temporary injunction is not to be granted unless a clear right to the relief demanded is established upon the moving papers (*Park Terrace Caterers* v. *McDonough,* 9 A D 2d 113). The plaintiff's rights must be certain as to the law and the facts (*Kelly* v. *Fairview Country Club,* 136 N. Y. S. 2d 826) ; and the burden of establishing such an undisputed right rests upon the plaintiff (*Pine Hill-Kingston Bus Corp.* v. *Davis,* 225 App. Div. 182). Upon the papers submitted, it does not appear that the plaintiff has established a clear right to the injunctive relief which it has sought pending the trial. Plaintiff showed neither such irreparable injury, nor such a clear right to the relief demanded in the complaint, as would warrant the granting to plaintiff, by way of a temporary injunction, substantially all the relief which it could obtain only if it were successful after trial (cf. *Barricini* v. *Barricini Shoes,* 1 A D 2d 905). Moreover, an injunction *pendente lite* ordinarily should not be granted where the damages that would be caused thereby to the defendants would be far greater than those likely to be suffered by the plaintiff were the relief to be denied (*Brower* v. *Williams,* 44 App. Div. 337). Nor should such an injunction be granted when, as appears from the record here, the plaintiff may obtain suitable redress by way of money damages. For the more specific reasons stated below, we believe that the plaintiff failed to show a clear legal right to the relief which it seeks in this action: (1) From the record before us the precise scope or nature of the rights sought to be licensed cannot be determined. It does not appear that by its terms the alleged "exclusive" license agreement granted by the plaintiff to the third party, Dexter Color New York, Inc., clearly interdicted the defendants or any other person from manufacturing and selling the post cards and kindred materials covered by the license *outside* the World's Fair grounds. The fact that one of the defendants was an unsuccessful bidder for the "exclusive" license agreement would not preclude the defendants from availing themselves of less extensive rights than those granted by the license agreement. Upon this record it cannot be said that there has been such a clear demonstration of the extent of the license agreement as to compel the conclusion that defendants are prohibited from continuing their present activities in the manufacture and sale of the post cards and kindred articles here in issue. (2) We are of the opinion that, with respect to the buildings and exhibits situated within the World's Fair grounds, the plaintiff does not have a property right therein which is sufficient to permit it to control the taking of photographs of the exteriors thereof for the purpose of sale. In our view, a photograph of a building cannot be deemed the equivalent of a reproduction of a " performance " or " show " in which a party may have a legally recognized property right (cf. *Societe Comptoir De L'Industrie* v. *Alexander's Dept. Stores,* 190 F. Supp. 594, affd. 299 F. 2d 33). Thus, *Metropolitan Opera Assn.* v. *Wagner-Nichols Recorder Corp.* (199 Misc. 786, affd. 279 App. Div.

632), cited by the majority, is clearly distinguishable. Moreover, it has been recently held by the Supreme Court of the United States that when an article is unprotected by a patent or a copyright, State law may not forbid others from copying that article (*Sears, Roebuck & Co.* v. *Stiffel Co.*, 376 U. S. 225; *Compco Corp.* v. *Day-Brite Lighting*, 376 U. S. 234). Thus, if the buildings and exhibits, the designs of which have not been patented, could themselves have been copied by others, it would appear that photographic reproductions of these buildings and exhibits for the purpose of sales cannot be enjoined. Under all the circumstances and in view of the disputed issues of law and fact involved, we conclude that the issuance upon this record of an injunction *pendente lite* constituted an abuse of discretion as a matter of law.